EMMALINE SHELLA, PLAINTIFF v. HENRY MOON, DIVISION RIGHT OF WAY AGENT FOR THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND DAVID R. MINGES, ASSISTANT ATTORNEY GENERAL AT THE NORTH CAROLINA DEPARTMENT OF JUSTICE, DEFENDANTS

No. COA96-427

(Filed 4 March 1997)

1. **Actions and Proceedings § 10 (NCI4th)— Public Records Act—action to compel disclosure—mootness**

Plaintiff condemnee's action seeking to compel disclosure of appraisals and other records associated with the condemnation of her land pursuant to the Public Records Act was moot where, following a Court of Appeals opinion ending litigation in the con-

demnation matter, defendants offered plaintiff the opportunity to inspect the requested records, but plaintiff refused that opportunity because she doubted the sincerity of defendants' offer and wanted it made before a judge. N.C.G.S. § 132-9.

**Am Jur 2d, Actions § 50.**

2. **Records of Instruments, Documents, or Things § 14 (NCI4th)— ruling that records not discoverable—failure to appeal—action under Public Records Act prohibited**

Where plaintiff condemnee did not appeal the trial judge's ruling in a condemnation proceeding that appraisals and other records sought by plaintiff were not discoverable under the Public Records Act or the rules of discovery, plaintiff could not then seek the same records in an action seeking an order compelling the disclosure of public records pursuant to N.C.G.S. § 132-9.

**Am Jur 2d, Judgments §§ 582, 589, 596.**

**Judgment as res judicata pending appeal or motion for a new trial, or during the time allowed therefor. 9 ALR2d 984.**

Appeal by plaintiff from order entered 17 January 1996 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 8 January 1997.

*Emmaline Shella, plaintiff-appellant, pro se.*

*Attorney General Michael F. Easley, by Senior Deputy Attorney General Eugene A. Smith and Assistant Attorney General David R. Minges, for defendants-appellees.*

LEWIS, Judge.

This appeal requires us to determine whether the trial court's entry of summary judgment in favor of defendants was proper. Since we determine that plaintiff's case is moot, we affirm the dismissing of her action.

On 12 May 1992, the Department of Transportation instituted a condemnation action against plaintiff to condemn a portion of her property in Guilford County. By letter dated 28 January 1994, plaintiff requested public records, including any appraisals, associated with

SHELLA v. MOON

[125 N.C. App. 607 (1997)]

the condemnation of her land. In his reply letter dated 2 February 1994, defendant Minges objected to plaintiff's request because it was an untimely discovery request under local rules and a request for privileged information.

Plaintiff's request for the records, and other pending condemnation issues, came before Judge Melzer A. Morgan, Jr. at the 7 February 1994 civil session of Guilford County Superior Court. In an order filed 11 February 1994, the court concluded that the records and appraisals were not discoverable under the Public Records Act or the rules of discovery at that time. Plaintiff did not appeal this order. Instead, on 24 February 1994, she filed the present action seeking an "Order Compelling Disclosure of Public Records" in accordance with N.C. Gen. Stat. section 132-9. Subsequently, this Court issued an opinion in the condemnation matter on 2 May 1995, ending any pending litigation. On 21 September 1995, after hearing that plaintiff still desired access to her condemnation file, defendant Minges wrote to her and offered the records for her review.

On 20 December 1995, defendants moved for summary judgment in the present matter. On 4 January 1996, plaintiff moved to amend the complaint to add certain defendants and request compensatory and punitive damages. Both motions were heard by Judge Catherine C. Eagles at the 16 January 1996 civil session of Guilford County Superior Court. Judge Eagles granted defendants' motion and therefore denied plaintiff's. Plaintiff appeals.

[1] After reviewing the record in this case, we conclude that plaintiff's action is moot.

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." An appeal which presents a moot question should be dismissed. Judicial power only extends to concrete, justiciable, and actual controversies properly brought before the court and each decision of law must be based on specific facts established by stipulation or.by appropriate legal procedure.

*Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994) (citations omitted).

Plaintiff brought this action under N.C. Gen. Stat. section 132-9. At that time, prior to the October 1995 amendments, it provided: "Any person who is denied access to public records for purposes of inspection, examination or copying, may apply to the appropriate division of the General Court of Justice for an order compelling disclosure, and the court shall have jurisdiction to issue such orders." 1995 N.C. Sess. Laws ch. 338, § 4. Accordingly, the only recovery provided for by this statute is the opportunity to inspect public records.

Plaintiff in this case was given the opportunity to inspect the requested records. However, she refused it because she doubted the sincerity of defendants' offer and wanted it made before a judge. Nonetheless, we hold that she has been granted the relief she sought by initiating this action under G.S. 132-9 and her case must be dismissed. It is not the function of this Court to consider and rule on imagined controversies.

[2] Furthermore, even if plaintiff's case was not moot, the grant of summary judgment for defendants would have to be upheld. On 11 February 1994, the trial judge in the condemnation case ruled that "the records and appraisals of the plaintiff are not discoverable under the Public Records Act or the rules of discovery at this time." Plaintiff did not appeal this order and therefore should not be allowed to subsequently seek the denied relief, albeit in a different form, from another Superior Court judge two weeks later. *See Highway Commission v. Nuckles*, 271 N.C. 1, 14, 155 S.E.2d 772, 784 (1967) ("A judgment entered by one Superior Court judge may not be modified, reversed, or set aside by another.")

In a case dealing with this issue in a criminal context, the Supreme Court made the following pronouncement which we find instructive:

It is illogical to assume that the General Assembly would preclude a criminal defendant from obtaining certain investigatory information pursuant to the criminal discovery statutes while at the same time mandating the release of this information to the defendant, as well as the media and general public, under the Public Records Act.

*Piedmont Publishing Co. v. City of Winston-Salem*, 334 N.C. 595, 597-98, 434 S.E.2d 176, 177 (1993). Likewise, we determine that it would be illogical to allow plaintiff to circumvent the rules of discovery in a civil context through use of the Public Records Act.

Plaintiff's request for the documents was denied by an order filed in the condemnation proceeding. To allow her to then seek the same records two weeks later in an action brought under the Public Records Act would make a mockery of our discovery rules and undermine the authority of the trial judge who had recently denied access. Surely, this was not the intent of the General Assembly when it passed the Public Records Act. As a result, even if it were not moot, plaintiff's action could not stand.

Affirmed.·

Judges WALKER and MARTIN, MARK, D. concur.