WESLEY PRICE, Plaintiff v. DEBORAH PRICE, Defendant

No. COA98-1040

(Filed 1 June 1999)

**1. Appeal and Error— domestic violence protective order— findings and evidence insufficient—remand futile**

Remand of a domestic violence protective order would be futile and the order was reversed where the trial court failed to make findings and conclusions to support its order, but the record contained no evidence which could support a conclusion that domestic violence occurred.

**2. Assault— domestic violence protective order—sufficiency of evidence**

There was insufficient evidence to issue a domestic violence protective order under N.C.G.S. § 50B-3(a) where the evidence showed at most that defendant entered plaintiff's trailer and spilled pasta and spices on the floor. There was no evidence that defendant attempted to cause or intentionally caused plaintiff bodily injury, placed him or any member of his family or household in fear of imminent serious bodily injury, or committed any sexual offense.

Appeal by defendant from order filed 5 May 1998 by Judge Jack E. Klass in Davidson County District Court. Heard in the Court of Appeals 25 May 1999.

PRICE v. PRICE

[133 N.C. App. 440 (1999)]

*No brief for plaintiff-appellee.*

*Central Carolina Legal Services, Inc., by Andrea S. Kurtz, for defendant-appellant.*

GREENE, Judge.

Deborah Price (Defendant) appeals from the trial court's order granting her husband Wesley Price's (Plaintiff) request for a domestic violence protective order.

On 28 April 1998, Plaintiff filed a complaint seeking a domestic violence protective order against Defendant. At the trial, Plaintiff testified that: (1) on the weekend of 25 April 1998, he was away from his home, and someone dumped pasta and spices on the floor of his living room and kitchen; (2) he believed Defendant, his estranged wife, was the person who committed the act; (3) an individual named Jimmy, who lived with him in his trailer, was home during the weekend; (4) Plaintiff had placed some of Defendant's personal property on the porch outside the trailer; and (5) Defendant had obtained a domestic violence protective order against him in December 1997.[1] Defendant admitted at the hearing that she approached the trailer on the weekend in question in order to determine whether her personal property had been left out on the porch, but did not enter the trailer or spill pasta or spices on the floor of the trailer. Defendant also testified she did not take any of her personal property at that time. Defendant moved to dismiss the case both at the close of Plaintiff's evidence and at the close of all the evidence, but both motions were denied by the trial court.

Following the hearing, the trial court entered a domestic violence protective order on 5 May 1998: (1) ordering Defendant to "stay away from [Plaintiff's] residence"; (2) authorizing a law enforcement officer to arrest Defendant if the officer has probable cause to believe she has violated the order; and (3) specifying a date and time for Defendant to pick up her belongings from Plaintiff. This order did not contain any findings of fact or conclusions of law.[2]

---

1. Defendant has narrated the testimonial evidence in this case pursuant to Rule 9(c)(1) of the North Carolina Rules of Appellate Procedure.

2. We note the Protective Order entered by the trial court was a form order printed by the Administrative Office of Courts and includes several boxes, in the "Findings" and "Conclusions" sections of the form, to be checked by the trial court. None of the boxes were checked. Because of the large number of domestic violence cases filed each year in North Carolina, we appreciate the usefulness of form orders. The trial court, however, should not neglect its responsibility to make necessary findings and conclusions.

The dispositive issue is whether sufficient evidence was presented to justify the entry of the trial court's domestic violence protective order.

Defendant contends the trial court erred by denying her motion to dismiss and by failing to make findings of fact and conclusions of law. We agree.

[1] Because the trial court failed to make findings of fact and conclusions of law to support its order, this matter could be remanded for the entry of a new order containing findings and conclusions. *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980). The record, however, contains no evidence which could support a conclusion that domestic violence, as defined in N.C. Gen. Stat. § 50B-1, occurred, therefore remand, in this case, would be futile. *Arnold v. Charles Enterprises*, 264 N.C. 92, 99, 141 S.E.2d 14, 19 (1965) (holding that although the trial court omitted a material finding of fact which would ordinarily require remand, remand would be futile because the party with the burden of proof failed to offer any evidence in support of the finding).

[2] A court may grant a protective order to bring about the cessation of any act of domestic violence. N.C.G.S. § 50B-3(a) (1996). Domestic violence is defined as:

the commission of one or more of the following acts upon an aggrieved party or upon a minor child residing with or in the custody of the aggrieved party by a person with whom the aggrieved party has or has had a personal relationship, but does not include acts of self-defense:

(1) Attempting to cause bodily injury, or intentionally causing bodily injury; or

(2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury; or

(3) Committing any act defined in G.S. 14-27.2 through G.S. 14-27.7.

N.C.G.S. § 50B-1(a) (Supp. 1998). Sections 14-27.2 through 14-27.7 statutorily define rape and other criminal sexual offenses.

In this case, there is no evidence that Defendant attempted to cause or intentionally caused Plaintiff bodily injury, placed him or

**PRICE v. PRICE**

[133 N.C. App. 440 (1999)]

any member of his family or household in fear of imminent serious bodily injury, or committed any sexual offense. At most, the evidence shows Defendant entered Plaintiff's trailer and spilled pasta and spices on the floor. The order, therefore, must be reversed.

Reversed.

Judges WALKER and SMITH concur.