FELICIA L. WILSON, Plaintiff v. CARDELL WILSON, SR., Defendant

No. COA98-1128

(Filed 17 August 1999)

**Appeal and Error— domestic violence protective order—dismissed as moot**

Defendant-husband's appeal from a domestic violence protective order prohibiting him from possessing a firearm for a one-year period is moot because the order already expired and defendant is no longer attempting to avoid dismissal from his position with the Department of Corrections since he resigned.

Appeal by defendant from order entered 23 April 1998 by Judge Alfred W. Kwasikpui in Bertie County District Court. Heard in the Court of Appeals 9 June 1999.

*No brief filed for plaintiff-appellee.*

*Rosbon D. B. Whedbee for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Cardell Wilson (defendant) appeals from a Domestic Violence Protective Order entered 23 April 1998 prohibiting him from possessing a firearm for the effective period of the order—one year from the date of entry. For the reasons hereinafter stated, we dismiss the appeal as moot.

At the time of the incident resulting in the Domestic Violence Protective Order, defendant and his wife, Felicia Wilson (plaintiff), were separated. During the separation, plaintiff remained in the marital home with the parties' three minor children. Defendant visited the residence on 12 April 1998, as plaintiff and her children were preparing to vacate the premises. Several of plaintiff's relatives were present to assist plaintiff with the packing and moving. Upon entering the home, defendant saw that a stereo belonging to the parties was being prepared for moving. When defendant began unplugging and removing the stereo components, an altercation erupted between him and plaintiff's brother. Plaintiff intervened, attempting to break up the fight, whereupon defendant shoved her against the wall twice and knocked her to the floor.

On 15 April 1998, plaintiff obtained an Ex Parte Domestic Violence Protective Order. The matter came on for hearing, and the trial court entered a Domestic Violence Protective Order on 23 April 1998. Under the terms of the order, defendant was prohibited from possessing and/or purchasing a firearm for the effective period of the order. The order stated that it was to be in effect for one year from the date of its entry, i.e., until 23 April 1999. Defendant, who is an Intensive Probation Officer with the North Carolina Department of Correction, filed a motion for relief from the order requesting that he be permitted to possess any such firearm as was issued to him by the State of North Carolina for use in the course of his employment. The trial court denied the motion on 21 May 1998. Defendant appeals.

---

Defendant brings forward several assignments of error on appeal. We note, at the outset, that defendant's assignments regarding the constitutionality of the Domestic Violence statute are deemed abandoned, since defendant has failed to cite any authority to support his arguments. N.C.R. App. P. 28(b)(5). The remainder of defendant's assignments deal primarily with the same issue: whether the trial court committed reversible error in prohibiting defendant from pos-

sessing or purchasing a firearm when there was no factual basis to support such a prohibition. After examining the record, however, we conclude that defendant's appeal is moot.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996).

> " 'Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.' An appeal which presents a moot question should be dismissed. Judicial power only extends to concrete, justiciable, and actual controversies properly brought before the court and each decision of law must be based on specific facts established by stipulation or by appropriate legal procedure."

*Shella v. Moon*, 125 N.C. App. 607, 609, 481 S.E.2d 363, 364 (1997) (quoting *Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994) (citations omitted)).

The record in the instant case reveals that the Domestic Violence Protective Order expired on 23 April 1999. Therefore, the provision regarding defendant's use or possession of a firearm is no longer operative. Furthermore, it appears from the record that by requesting relief from the order, defendant was seeking to avoid dismissal from his position with the Department of Correction. Insofar as defendant resigned from his position on 29 July 1998, the issues raised by this appeal are moot. Accordingly, defendant's appeal is dismissed.

Notwithstanding our dismissal of defendant's appeal, we urge trial judges to exercise caution in completing the standard Domestic Violence Protective Order, Form AOC-CV-306. While we appreciate the convenience such forms provide the trial courts, given the large number of domestic violence cases filed, we stress the importance of ensuring that each finding of fact, conclusion of law, and mandate of the order is supported by competent evidence. *See Brandon v. Brandon*, 132 N.C. App. 646, 652, 513 S.E.2d 589, 593 (1999) (specifically disapproving of the preprinted Form AOC-CV-306). Where the provisions of a Domestic Violence Protective Order are not sup-

ported by the facts, the order will be reversed. *Price v. Price*, 133 N.C. App. 440, 514 S.E.2d 553 (1999).

For the foregoing reasons, defendant's appeal is dismissed.

Dismissed.

Judges JOHN and HUNTER concur.