KEITH BRENT VEST v. MICHAEL F. EASLEY, North Carolina Attorney General; SAM F. BOYD, Executive Director North Carolina Parole Commission; FRANKLIN FREEMAN, Advisor to Governor and Past Secretary of North Carolina Department of Correction; MACK JARVIS, Past Secretary of North Carolina Department of Correction; JOSEPH HAMILTON, Secretary of North Carolina Department of Correction; JUANITA BAKER, Chairman of North Carolina Parole Commission; ELBERT BUCK, CHARLES L. MANN, SR., WILLIAM LOWRY, PEGGY STAMEY, Members of the North Carolina Parole Commission

No. COA00-635

(Filed 17 July 2001)

### 1. Appeal and Error— appealability—denial of motion for summary judgment

The denial of a motion for summary judgment was immediately appealable because it involved an immunity defense.

### 2. Immunity— Parole Commission and Corrections officials—miscalculation of parole eligibility

Summary judgment should have been granted on plaintiff's negligence claims arising from the miscalculation of his parole eligibility date where the remaining defendants were entitled to public official immunity. Plaintiff did not allege a waiver; did not show evidence that defendants' conduct was malicious, corrupt or outside the scope of their official authority; and failed to show injury.

### 3. Civil Rights— § 1983 claim—miscalculation of parole eligibility

Summary judgment should have been granted for defendants on a 42 U.S.C. § 1983 claim arising from the miscalculation of the parole date of an inmate serving multiple sentences. Neither the state nor its officials are considered "persons" within the meaning of the statute when an action is brought seeking monetary damages; there is no right to be released before the expiration of a valid sentence and plaintiff's parole eligibility was re-calculated; and, although plaintiff's parole was denied, his case manager twice recommended him for a custody change hearing once the mistake was realized and there was no evidence of a willful and knowing violation of plaintiff's rights.

**VEST v. EASLEY**

[145 N.C. App. 70 (2001)]

### 4. Declaratory Judgments— miscalculation of parole eligibility—mootness

An action seeking declaratory or injunction relief by a prison inmate whose parole eligibility date was miscalculated was moot where plaintiff had become eligible for parole even under the miscalculation and a declaratory judgment would in no way affect his parole eligibility status.

Appeal by defendants from judgment entered 3 November 1999 by Judge James Floyd Ammons, Jr. in Harnett County Superior Court. Heard in the Court of Appeals 29 March 2001.

*No brief for plaintiff-appellant filed.*

*Michael F. Easley, Attorney General, by Elizabeth F. Parsons, Assistant Attorney General, for defendant-appellant State.*

*George B. Currin, amicus curiae.*

THOMAS, Judge.

Defendants appeal from a partial denial of summary judgment granted in favor of plaintiff, Keith Brent Vest, who had brought an action requesting both damages and a declaratory judgment regarding his parole eligibility status. For the reasons stated herein, we reverse in part and dismiss in part.

The facts are as follows: In March 1990, plaintiff was convicted of assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury. For these two felonious assault charges, plaintiff received a consolidated twenty-year sentence. At the same sentencing hearing, plaintiff also received a consecutive life sentence for the offense of first-degree burglary.

Plaintiff filed a complaint on 24 May 1999, alleging defendants incorrectly calculated his parole eligibility. Defendants were sued in both their individual and official capacities. The North Carolina Parole Commission (Commission) had originally calculated that plaintiff was eligible for parole on the assault charges on 11 February 1991. Because of the consecutive life sentence, the Commission calculated his parole eligibility date on the total sentences to be 23 June 2006. In June 1998, however, prior to this action, it was corrected by the Commission to 8 February 2001. By error, according to the Commission's calculations, plaintiff was

actually considered for parole and had a hearing on 11 February 1999. Parole was denied.

Plaintiff contends his eligibility date has not been properly aggregated, or properly reduced through earned gain time and/or meritorious gain time. In his complaint, plaintiff claims he is entitled to compensatory damages in excess of $10,000 due to loss of wages, loss of benefits, loss of status, loss of reputation and inconvenience all caused by defendants' discrimination, violation of due process and cruel and unusual punishment. Plaintiff also requested a declaratory judgment computing and setting his earliest parole eligibility date, punitive damages, attorney fees and court costs.

Defendants answered by claiming sovereign immunity and alleging they properly calculated the date plaintiff would be eligible for parole. Plaintiff and defendants all moved for summary judgment and, on 1 November 1999, the trial judge: 1) dismissed all claims against defendant Easley; 2) dismissed plaintiff's claims for punitive damages against the remaining defendants; 3) denied defendants' summary judgment motion as to state and federal constitutional claims, declaratory judgment claims and negligence claims; and 4) denied plaintiff's motion for summary judgment. Defendants appeal the denial of their motion for summary judgment. Plaintiff assigned error to the dismissals, but failed to brief them. Accordingly, plaintiff's assignments of error are not properly before this Court and we do not address them. N.C.R. App. P. 10(a) (2000).

[1] Before we consider defendants' arguments, we note the trial court's order would not normally be immediately appealable because it would be considered interlocutory. *State ex rel. Employment Security Commission v. IATSE Local 574*, 114 N.C. App. 662, 663, 442 S.E.2d 339, 340 (1994). A ruling is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). However, an interlocutory order may be heard in appellate courts if it affects a substantial right. *See* N.C. Gen. Stat. § 1-277(a) (1999). This Court has held that denial of a motion for summary judgment is immediately appealable if it involves an immunity defense. *Staley v. Lingerfelt*, 134 N.C. App. 294, 517 S.E.2d 392, *rev. denied*, 351 N.C. 109, 540 S.E.2d 367 (1999). Such a defense is present in the instant case.

[2] By defendants' first assignment of error, they argue the trial court erred in denying their summary judgment motion because there were

**VEST v. EASLEY**

[145 N.C. App. 70 (2001)]

no genuine issues of material fact. More specifically, defendants argue the following: 1) sovereign immunity protects defendants in their official capacities against plaintiff's negligence claims; 2) public official immunity protects defendants in the claims arising under 42 U.S.C. § 1983; 3) qualified immunity protects defendants in their individual capacities in claims arising under 42 U.S.C. § 1983; 4) quasi-judicial immunity protects defendants Boyd, Baker, Buck, Lowry, Mann and Stamey in their individual capacities in plaintiff's claims for damages; 5) plaintiff failed to show malicious conduct; and 6) plaintiff failed to show injury. We agree.

We note that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999).

Sovereign immunity is a theory or defense established to protect a sovereign or state as well as its officials and agents from suit in certain instances. *See Herring v. Winston-Salem/Forsyth County Board of Education*, 137 N.C. App. 680, 529 S.E.2d 458, *rev. denied*, 352 N.C. 673, 545 S.E.2d 423 (2000). The doctrine applies when the agency or entity is being sued for the performance of a governmental function. *Messick v. Catawba County*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). It mandates that the state is immune from suit unless it expressly consents to be sued through a waiver, evidenced by the purchase of liability insurance or, unless a statutory waiver of immunity applies. *Id. See also Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 529 S.E.2d 693 (2000); *Coastland Corp. v. North Carolina Wildlife Resources Comm'n*, 134 N.C. App. 343, 517 S.E.2d 661 (1999). Sovereign immunity has several forms, including quasi-judicial and public official immunity, all deriving from the English feudal theory of "the king can do no wrong." *See Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 468 S.E.2d 846, *rev. denied*, 344 N.C. 436, 476 S.E.2d 115 (1996).

Quasi-judicial immunity is an absolute bar, available for individuals in actions taken while exercising their judicial function. *Northfield Development Co., Inc. v. City of Burlington*, 136 N.C. App. 272, 523 S.E.2d 743 (2000) (citations omitted). In effect, the rule of judicial immunity extends to those performing quasi-judicial func-

tions. *See Hoke v. Bd. of Medical Examiners of the State of N.C.*, 445 F.Supp. 1313, 1314 (W.D.N.C. 1978). "Quasi-judicial 'decisions involve the application of . . . policies to individual situations rather than the adoption of new policies.'" *Northfield*, 136 N.C. App. at 282, 523 S.E.2d at 750. Further, it has been held that the members of a state parole board perform quasi-judicial functions and are immune from suit under section 1983. *See Franklin v. Shields*, 569 F.2d 784 (4th Cir. 1977), *cert. denied*, 435 U.S. 1003, 56 L. Ed. 2d 92 (1978); *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir. 1975). In the case at bar, six of the defendants are members or former members of the Commission. We hold that quasi-judicial immunity extends to them.

Public official immunity, or qualified immunity, on the other hand, is not an absolute bar, as it has three exceptions. Under public official immunity, if a public officer lawfully exercises judgment and discretion, is within the scope of his official authority, and acts without malice or corruption, he is protected from liability. *Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976). However, public officials must be distinguished from public employees. A public official is one whose position is created by the N.C. Constitution or the N.C. General Statutes and exercises some portion of sovereign power and discretion, whereas public employees perform ministerial duties. *Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000). In the case at bar, all of the remaining defendants clearly hold discretionary jobs. The members of the Commission have jobs established by N.C. Gen. Stat. § 148-57 (1999). N.C. Gen. Stat. § 143B-263 (1999) establishes a Secretary of the Department of Correction as the head of the department. We hold defendants are all entitled to public official immunity.

As to plaintiffs' negligence claims, defendants contend sovereign immunity protects them in their official capacities against plaintiff's negligence claims. There is no question that defendants were performing a governmental function. It is well-established law that with no allegation of waiver in a plaintiff's complaint, the plaintiff is absolutely barred from suing the state and its public officials in their official capacities in an action for negligence. *See Messick*, 110 N.C. App. at 714, 431 S.E.2d at 493; *Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997); *Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 468 S.E.2d 846 (1996). In the instant case, plaintiff did not allege a waiver. Plaintiff may only pierce the defendants' sovereign immunity by showing one of the three exceptions to public official immunity: 1) the conduct was malicious; 2) the conduct was corrupt; or 3) the con-

duct was outside the scope of official authority. *Epps,* 122 N.C. App. at 205, 468 S.E.2d at 851-52.

Plaintiff has alleged these immunity exceptions. However, plaintiff has not shown any *evidence* that defendants' conduct was malicious, corrupt or outside the scope of their official authority. A mere allegation is not sufficient to overcome summary judgment. *See Briley v. Farabow,* 348 N.C. 537, 544, 501 S.E.2d 649, 654 (1998); *Justus v. Deutsch,* 62 N.C. App. 711, 714, 303 S.E.2d 571, 573, *rev. denied,* 309 N.C. 821, 310 S.E.2d 349 (1983). Moreover, even sued individually, defendants claim they are still immune from a claim of mere negligence because plaintiff fails to show injury. Because we hold defendants are entitled to public official immunity, however, we do not reach this issue. Consequently, we find summary judgment should have been granted as to plaintiff's negligence claims and reverse the trial court.

**[3]** Concerning plaintiff's claims under 42 U.S.C. § 1983, defendants contend official capacity immunity protects them from a section 1983 action. Section 1983 authorizes civil actions for the deprivation of any rights, privileges, or immunities secured by the U.S. Constitution. 42 U.S.C. § 1983 (2001). However, our Supreme Court in *Corum v. University of North Carolina,* held that when an action under 42 U.S.C. § 1983 is brought seeking monetary damages against "the State, its agencies, and/or its officials acting in their official capacities" in state court, neither the state nor its officials are considered "persons" within the meaning of the statute. *Corum,* 330 N.C. 761, 771, 413 S.E.2d 276, 282, *reh'g denied,* 331 N.C. 558, 418 S.E.2d 664, *cert. denied,* 506 U.S. 985, 121 L. Ed. 2d 431 (1992). Because plaintiff sued defendants in their official capacities, a claim under section 1983 cannot be made against defendants.

Defendants further contend qualified immunity protects them in their individual capacities against section 1983 claims. Governmental officials sued in their individual capacities may be held liable for money damages under section 1983. *Corum,* 330 N.C. at 772, 413 S.E.2d at 283. They may, however, defend by raising the defense of qualified immunity. *Id.* Qualified immunity protects public officials from personal liability for performing official, discretionary functions if the conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Moore v. Evans,* 124 N.C. App. 35, 48, 476 S.E.2d 415, 425 (quoting *Corum v. University of North Carolina,* 330 N.C. 761, 772-73, 413

S.E.2d 276, 284 (1992)). We note there is no right for a convicted person to be released before the expiration of a valid sentence. *See Goble v. Bounds*, 281 N.C. 307, 188 S.E.2d 347 (1972); *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 60 L. Ed. 2d 668 (1979). Plaintiff claims defendants knowingly and wrongfully continued to use paper paroles, which required an inmate serving multiple sentences to be paroled to the second sentence before being treated as having begun service of the second sentence for parole eligibility purposes. Pursuant to *Robbins v. Freeman*, 127 N.C. App. 162, 487 S.E.2d 771 (1997), *aff'd per curiam*, 347 N.C. 664, 496 S.E.2d 375 (1998), the Commission discontinued the use of paper paroles. The effect was to aggregate consecutive sentences imposed at the same sentencing hearing as one sentence for the purpose of determining parole eligibility. *See* N.C. Gen. Stat. § 15A-1354(b) (1999). However, plaintiff alleges his rights were violated as early as 1993. Yet, *Robbins* was not decided until 1997. After *Robbins*, defendants re-calculated plaintiff's parole eligibility. Thus, defendants did not violate any *clearly established* rights of plaintiff's.

Plaintiff further argues his rights were violated by defendants' refusing custody promotion due to erroneous calculation. However, once the mistake regarding plaintiff's parole hearing was realized, Charnita McNeill, plaintiff's case manager, immediately recommended plaintiff twice for a custody change hearing. Although plaintiff's parole was denied, plaintiff has shown no evidence of defendants' willful and knowing violation of his rights. Consequently, we find summary judgment should have been granted as to plaintiff's section 1983 claims.

We thus hold there is no basis for compensatory damages against defendants. Sovereign immunity, the wording of the complaint and lack of evidence combine to defeat those claims. Summary judgment should have been granted in favor of defendants on all such issues and we therefore reverse the trial court as to the constitutional and negligence claims. The question remaining is whether plaintiff has standing to require the court to issue a declaratory judgment.

[4] By defendants' second assignment of error, they argue plaintiff is not entitled to injunctive or declaratory relief. We agree.

A plaintiff is entitled to injunctive relief when there is no adequate remedy at law and irreparable harm will result if the injunction is not granted. *Asheville Mall, Inc. v. Sam Wyche Sports World, Inc.*,

**VEST v. EASLEY**

[145 N.C. App. 70 (2001)]

97 N.C. App. 133, 387 S.E.2d 70 (1990). In the instant case, it appears plaintiff is arguing that his parole eligibility actually began in 1995 and the life sentence should have been reduced from twenty years to five years, with good time cutting the twenty years in half and then gain time cutting in half the remaining ten years. It further appears plaintiff actually has had one full parole hearing and at least two custody change hearings, all of which were denied. However, since filing the suit, plaintiff has become technically eligible for parole even under the Commission's computation as of February 2001. Consequently, the imminent query is whether the issue is now moot as to a declaratory judgment.

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996). A declaratory judgment issued at the present time by the trial court would not in any way affect plaintiff's parole eligibility status. We note this is not a class action. Under the circumstances of *this* plaintiff, a ruling for or against a declaratory judgment would not affect *this* plaintiff's controversy. Thus, although it may have been appropriate for the trial court to have ruled upon the declaratory judgment at the time of the commencement of this action, the issue is now non-justiciable and, as such, must be dismissed as moot. *See Shella v. Moon*, 125 N.C. App. 607, 609, 481 S.E.2d 363, 364 (1997).

In conclusion, we reverse the trial court's denial of defendants' summary judgment motion and dismiss plaintiff's motion for declaratory judgment for the reasons stated herein.

REVERSED IN PART, DISMISSED IN PART.

Judges MARTIN and BIGGS concur.