STEELMAN, Judge.
Respondent is the mother of minor children T.L.G. and S.D.G. (the children), who were born on 20 July 1998 and 9 February 2000 respectively. Respondent was living with her mother and the children in May of 2002 when an agent of Wayne County Social Services (Social Services) arrived to investigate a report of neglect. Social Services found the children to be "filthy," and that S.D.G. had "mucous caked on her face." The children's behavior was at times "out of control." Respondent denied any neglect, arguing that the children's appearance was the result of having been playing outside. Social Services substantiated the allegation of neglect on 21 June 2002. On 24 June 2002, Social Services received another report alleging that respondent had dropped the children off at the home of a friend and left them there. When Social Services arrived, the children were so dirty that Social Services changed their clothes. As a result of this investigation, Social Services took the children into custody and placed them in foster care.
On 1 July 2002 T.L.G. was admitted as a psychiatric inpatient to UNC Hospitals and kept there until 19 July 2002 as a result of his unmanageable aggressive and violent behavior. Though he was nearly four years old, T.L.G. was not bowel or bladder trained. He was diagnosed with reactive attachment disorder and attention deficit hyperactivity disorder and found to have "severe and psychological stressors including removal from the home secondary to severe neglect, inadequate social support, inadequate housing and inadequate finances." One of the causes of T.L.G.'s problems was identified as his failure to have bonded with anyone in the past. T.L.G. showed remarkable improvement during his stay at the hospital, including becoming toilet trained, more independent in his daily activities, and much easier to direct and control. T.L.G. required extensive dental work requiring hospitalization, including having eight teeth filled, two teeth extracted, and two crowns requiring root canals. This was required due to a lack of dental care while in the custody of respondent. He also had speech problems. T.L.G. was placed in a therapeutic foster home and attended special daycare due to his particular behavioral problems. S.D.G. was also placed in a special foster home and attended special daycare for her behavioral problems. She was evaluated by Dr. Reichel of the Teddy Bear Clinic who stated by deposition his concern that she was too comfortable receiving her medical exam, and that in his opinion "child sexual abuse is not only possible but unfortunately more likely to be probable." Social Services discovered that S.D.G. had asthma, a fact that respondent had not disclosed, and she also required extensive dental work: eight fillings, two crowns, and two extractions.
At a 22 August 2002 hearing, respondent admitted there was a factual basis for neglect, and the trial court adjudicated the children neglected and dependent. Respondent was ordered to take parenting classes; obtain a psychological evaluation; obtain a substance abuse evaluation; and submit to random drug screening. Nearly eight months after the hearing, respondent completed the parenting classes, and obtained a substance abuse assessment. This assessment indicated that respondent had no substance abuse problem. Respondent failed to obtain a psychological evaluation prior to the termination hearing on 7 August 2003. At the termination hearing, the trial court concluded that grounds existed to terminate respondent's parental rights to the children, that the conditions leading to this determination were likely to reoccur if the children were returned to respondent's care, and that it was in the best interests of the children for respondent's parental rights to be terminated. The trial court then ordered that respondent's parental rights be terminated by written order filed 5 September 2004. From this order respondent appeals.
In her first argument, which encompasses her first and second assignments of error, respondent contends that the petition to terminate her parental rights was legally insufficient because it failed to allege sufficient facts and did not have a custody order attached to it. We disagree.
N.C. Gen. Stat. § 7B-1104(6) (2003) requires that any petition for termination of parental rights state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." Respondent's argument that the petition violated this provision is equivalent to a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. In re Quevedo, 106 N.C. App. 574, 578, 419 S.E.2d 158, 159 (1992). A Rule 12(b)(6) motion may not be made for the first time on appeal. Dale v. Lattimore, 12 N.C. App. 348, 351-52, 183 S.E.2d 417, 419 (1971). The record is devoid of any indication that respondent made such a motion before the trial court. She may not assert it for the first time before this Court.
N.C. Gen. Stat. § 7B-1104(5) requires that if the court has placed custody of the children in someone other than the parent, a copy of the custody order be attached to the termination petition. The record does not indicate that the custody order was attached to the petition. While this omission constitutes error, we find no authority to support respondent's contention that violation of this provision of N.C. Gen. Stat. § 7B-1104(5) requires reversal of the trial court's order terminating respondent's parental rights. Respondent makes no argument that this oversight prejudiced her in any manner, and our review of the record reveals no such prejudice. We therefore decline to overturn the trial court's order on this ground. See In re Humphrey, 156 N.C. App. 533, 539, 577 S.E.2d 421, 426 (2003); In re Joseph Children, 122 N.C. App. 468, 470 S.E.2d 539 (1996). This argument is without merit.
In her sixth argument, based on her tenth assignment of error, respondent contends that the trial court's conclusion of law stating that grounds existed to terminate her parental rights was insufficient to sustain its order terminating respondent's parental rights because it failed to state the legal basis for termination. We disagree.
Respondent is correct that a termination order must include a conclusion of law that at least one of the specified grounds for termination listed in N.C. Gen. Stat. § 7B-1111(a) (2003) exists. N.C. Gen. Stat. § 7B-1109(e) (2003). The trial court's conclusion of law purporting to state the grounds for termination is as follows: "That the grounds exist to terminate the parental rights of [respondent] with respect to the juveniles, [S.D.G. and T.L.G.]." Standing alone, this conclusion of law is insufficient to meet the requirements of N.C. Gen. Stat. §§ 7B-1111(a) and 7B-1109(e) in that it does not specifically list one or more of the nine enumerated statutory grounds supporting termination. Were this the only relevant conclusion of law, we would be obligated to remand this case to the trial court for further findings of fact and conclusions of law. However, the trial court's 25th finding of fact states: "That [respondent] neglected the juveniles." This determination is "more properly designated [a conclusion] of law and we treat [it] as such for the purposes of this appeal." In re Helms, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997).
The classification of a determination as either a finding of fact or a conclusion of law is admittedly difficult. As a general rule, however, any determination requiring the exercise of judgment, or the application of legal principles, is more properly classified a conclusion of law. Any determination reached through "logical reasoning from the evidentiary facts" is more properly classified a finding of fact.
Id. (internal citations omitted). "The determination of neglect requires the application of the legal principles set forth in N.C. Gen. Stat. § 7A-517(21) and is therefore a conclusion of law." Id. at 510, 491 S.E.2d at 675-76. Because neglect is one of the statutory grounds sufficient to terminate respondent's parental rights (N.C. Gen. Stat. § 7B-1111(a)(1)), the trial court's order does contain the required conclusion of law. Respondent does not argue that the trial court's finding of neglect was erroneous. This argument is without merit.
In her second argument, based on her fourth assignment of error, respondent contends that the trial court erred in overruling her objection to certain testimony of the Child Protective Services investigator on the basis that it constituted inadmissible hearsay. We disagree. On direct examination, the Child Protective Services investigator made the following statement concerning the father of the children: "He just had some concerns. He verified the allegations and had the same concerns as the agency had." The investigator further testified: "In regards to the mother not providing appropriate care for the children, concerns (inaudible) lack of supervision, concerns with the children being at the grandmother's and the grandmother not doing anything."
"[A]n error in the admission of evidence is not grounds for granting a new trial or for setting aside a verdict unless the admission amounts to the denial of a substantial right. G.S. 1A-1, Rule 61. 'The burden is on the appellant not only to show error, but also to enable the Court to see that he was prejudiced and that a different result would have likely ensued had the error not occurred.'" Warren v. Asheville, 74 N.C. App. 402, 409, 328 S.E.2d 859, 864 (1985) (citation omitted). Assuming arguendo that admission of the testimony was error, it is respondent's burden to prove that absent the erroneous testimony the verdict would have likely been different. Id. Respondent fails to make any argument in her brief that the contested testimony prejudiced her in any manner. We have thoroughly reviewed the record and hold that even if the testimony in question was improperly admitted at trial, respondent was not prejudiced thereby. This argument is without merit.
In her fifth argument, based on her eighth assignment of error, respondent contends that the trial court's findings of fact 18, 19, 20 and 21 were not supported by any clear, cogent and convincing evidence.
Respondent argues the trial court's findings of fact 18, 19, 20 and 21 are based on a deposition of Dr. Michael E. Reichel that was not properly before the trial court, and thus cannot constitute evidence to support those findings of fact. The deposition of Dr. Reichel was before the trial court at the 10 April 2003 review hearing, and was specifically referenced in the order entered at that hearing. In the order terminating parental rights, the trial court took judicial notice of the files in the neglect cases. The termination order also specifically referred to Dr. Reichel's testimony. Respondent argues that since the trial court did not specifically incorporate by reference Dr. Reichel's deposition in the 10 April 2003 order that the trial court could not take notice of it at the termination hearing. The 10 April 2003 order stated specifically that Dr. Reichel's deposition was reviewed. It was therefore before the trial court at that hearing and properly before the trial court at the termination hearing.
We further note that, respondent includes no authority in her brief in support of her argument in violation of Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure. This violation of Rule 28 also subjects respondent's argument to dismissal. Wilson v. Wilson, 134 N.C. App. 642, 643, 518 S.E.2d 255, 256 (1999). This argument is without merit.
In her third and fourth arguments, based on her sixth and seventh assignments of error, respondent contends that the trial court erred in making its findings of fact 13 and 16 because they were not supported by clear, cogent and convincing evidence. We agree in part.
The trial court's findings of fact in a termination proceeding must be supported by clear, cogent and convincing evidence. In re Shepard, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (2004). "[T]he trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." In re Helms, 127 N.C. App. 505, 511, 491 S.E.2d 672, 676 (1997).
Respondent contests finding of fact 13: "That while in the care of [respondent, T.L.G.] was diagnosed with a bonding disorder but was not treated." It is true that T.L.G. was not diagnosed with any bonding type disorder until after he was removed from respondent's custody. It is also true that the technical diagnosis was reactive attachment disorder. The testimony at trial was uncontested that "the cause of this disorder was that he had not bonded with anyone in the past." While incorrectly worded, the substance of this finding, that T.L.G. developed Reactive Attachment Disorder when in the custody of respondent and that this was partially due to the lack of bonding between him and respondent, is correct. This was supported by clear, cogent and convincing evidence. Further, respondent asserts no prejudice resulting from the wording of this finding.
Finding of fact 16 states: "That both children have exhibited unusual sexual behaviors for which [respondent] sought no treatment." While there is some evidence in the record to support a finding that S.D.G. exhibited unusual sexual behaviors, there is no evidence before us to support a finding that T.L.G. exhibited any such behaviors, and thus this finding of fact was made in error. Therefore we do not consider this finding of fact.
In her seventh argument, based on her twelfth and thirteenth assignments of error, respondent contends that the trial court abused its discretion in concluding that it was in the best interests of the children to terminate respondent's parental rights. We disagree.
We first note that respondent has made no argument in her brief that the trial court erred in determining, as either a finding of fact or a conclusion of law, that she neglected the children. Having failed to argue this issue in her brief, she has abandoned it. Strader v. Sunstates Corp., 129 N.C. App. 562, 567, 500 S.E.2d 752, 755 (1998).
Should the court determine that any one or more of the conditions authorizing a termination of the parental rights of a parent exist, the court shall issue an order terminating the parental rights of such parent with respect to the juvenile unless the court shall further determine that the best interests of the juvenile require that the parental rights of the parent not be terminated.
N.C. Gen. Stat. § 7B-1110(a). The conclusion of the trial court that termination is in the best interests of the children will not be upset absent an abuse of discretion. In re Shepard, 162 N.C. App. 215, 222, 591 S.E.2d 1, 6 (2004). There is ample evidence that the children were neglected resulting in serious developmental delays and causing severe dental deterioration. T.L.G. developed reactive attachment disorder while in respondent's custody and care. The facts further evidence that the children improved substantially once removed from respondent's custody. The trial court's third conclusion of law, which respondent does not contest, states that the conditions which existed when the children were in respondent's home would likely reoccur were the children to return to her custody. We cannot say that on these facts, even excluding any evidence that the children may have been sexually abused, the trial court abused its discretion in concluding that it was in the best interests of the children for respondent's parental rights to be terminated. This argument is without merit.
Because defendant has not argued her other assignments of error in her brief, they are deemed abandoned. N.C. R. App. P. Rule 28(b)(6) (2003).
AFFIRMED.
Judges TIMMONS-GOODSON and GEER concur.
Report per Rule 30(e).