* * * * * * * * * * *
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Chief Deputy Commissioner Gheen. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 * * * * * * * * * * *
Based upon the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. That it appears from the face of plaintiff's tort claim Affidavit that plaintiff is alleging negligence and intentional conduct during the term of office of former Superior Court Judge Henry E. Frye, Jr. (hereinafter "Judge Frye") for allegedly ordering the arrest of plaintiff based upon his habitual felon status.
2. Defendant, North Carolina Department of Justice, (hereinafter "NCDOJ"), filed a motion to dismiss plaintiff's claim on the ground, inter alia, that plaintiff has failed to allege specific acts of negligence on the part of an employee of the NCDOJ, and on the ground of official immunity.
3. Because former Judge Frye is not an employee of the NCDOJ, of which the Industrial Commission takes judicial notice, plaintiff can produce no evidence tending to show that an employee of the NCDOJ negligently ordered the arrest of plaintiff.
 * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Because Judge Frye was a Superior Court Judge at the times alleged, he has absolute immunity from liability. See Fuquay Springs v.Rowland, 239 N.C. 299, 301, 79 S.E.2d 774, 776 (1954) (a judge is not subject to civil action for errors committed in the discharge of his official duties).
2. Even if Judge Frye did not enjoy absolute immunity, Judge Frye would be protected by public official immunity, which would be imputed to NCDOJ. Vest v. Easley, 145 N.C. App. 70, 549 S.E.2d 568 (2001);Collins v. North Carolina Parole Comm'n, 344 N.C. 179, 473 S.E.2d 1
(1996) (tort claim dismissed where public official immunity was imputed to N.C. Parole Commission).
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. NCDOJ's motion to dismiss plaintiff's civil action is GRANTED and the civil action is DISMISSED WITH PREJUDICE.
2. No costs assessed as Morton was permitted to file this civil actionin forma pauperis.
This the 1st day of November 2006.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER