KIMZAY WINSTON-SALEM, INC., PLAINTIFF v. CHRISTINE L. JESTER, D/B/A MAKE MINE YOGURT AND HARRELL ANDREWS, D/B/A MAKE MINE YOGURT, DEFENDANTS

No. 9021DC425

(Filed 21 May 1991)

**Rules of Civil Procedure § 55.1 (NCI3d) — default judgment — order enlarging judgment and reopening case for hearings erroneous**

In an action to recover rent due for space in a shopping center, the trial court erred in entering an order undertaking to relieve plaintiff from the amount of a default judgment and reopening the case for hearings, since the court had no authority to enter the order, as the court neither set aside the default judgment nor relieved plaintiff of it pursuant to N.C.G.S. § 1A-1, Rules 55 or 60, but instead kept the judgment in effect and permitted it to be enlarged, which no rule or statute authorizes; the law does not permit a party to claim that a judgment is defective after relying upon its validity and accepting its benefits, which plaintiff did here by executing on it, by retaining the money collected by execution, and by suing defendant in a separate action for future rents; by deciding to obtain a final judgment for a sum certain that was then owed, rather than to have the damages determined later by a trial, plaintiff waived any right it might have had to obtain judgment for a larger amount; and plaintiff's affidavits did not support the court's finding that the judgment was entered as a result of mistake, inadvertence or excusable neglect.

**Am Jur 2d, Judgments §§ 1152 et seq.**

APPEAL by defendant Christine L. Jester from order entered 31 January 1990 by *Judge Abner Alexander* in FORSYTH County District Court. Heard in the Court of Appeals 28 November 1990.

In this action to recover rent due under the terms of a lease covering certain space in Cloverdale Plaza Shopping Center in Winston-Salem, plaintiff voluntarily dismissed its complaint against defendant Andrews, the original lessee, and obtained a default judgment against Andrews' assignee, defendant Jester, who did not plead to the amended complaint. The lease, for five years ending in April, 1991, provided for a monthly rental of $1,133.33 plus certain maintenance expenses, and the amended complaint, filed on 28 October 1988, alleged that the rent then owed was $5,394.12 and asked to recover that amount and future rent as it accrued. The default judgment against defendant Jester for $7,039.18 was entered on 9 December 1988; it was based upon an affidavit and itemized statement of plaintiff's treasurer showing that under the terms of the lease defendant owed $7,039.18 through 30 November 1988, and plaintiff's motion asserting that the "sum certain" stated in the treasurer's affidavit was owed. The judgment not having been paid, on 25 July 1989 plaintiff had the Clerk of Superior Court issue an execution directing the Sheriff to satisfy the judgment. The execution showed that $8,081.14 was owed on the judgment including interest and court costs and the Sheriff collected that amount from defendant Jester and paid the net proceeds to the Clerk of Court on 21 September 1989. Meanwhile, plaintiff had filed two other actions against defendant Jester with regard to the lease. The first action sought possession of the premises and ended with an order ejecting defendant Jester; the second action sought rents allegedly due from 1 December 1988 through 30 April 1991, and was dismissed by the court on 30 October 1989 on the ground that it was barred by *res judicata* because the issues raised therein "were or could have been adjudicated" in this action. On 6 December 1989 plaintiff moved in this action for relief from the default judgment under the provisions of Rule 60(b)(1), N.C. Rules of Civil Procedure. The relief requested was to be permitted to present evidence showing that "the amount of the default judgment should be increased by . . . $35,857.14," and the ground asserted therefor was that "the amount of said judgment was entered by mistake and inadvertence and that Plaintiff is in fact entitled to a judgment much larger than that obtained." In support of the motion plaintiff submitted two affidavits;

**KIMZAY WINSTON-SALEM, INC. v. JESTER**

[103 N.C. App. 77 (1991)]

the affidavit of plaintiff's treasurer stated that in setting out the amount owed when the default judgment was sought that he "was unaware" of any right that plaintiff had to obtain a judgment for future rents; the other affidavit, that of plaintiff's attorney, Peter J. Juran, stated that in obtaining the judgment "they inadvertently" sought only the past rents and the separate action for future rents was brought without "realizing that the original complaint had requested rents." In allowing the motion the court opined that the default judgment "was entered as a result of a mistake, inadvertence, and excusable neglect," granted plaintiff relief "as to the amount of the Judgment," and "reopened for hearings as to the amount of damage, if any, caused by Defendant's actions complained of in the Complaint." The appeal is from that order.

*House & Blanco, P.A., by Peter J. Juran, for plaintiff appellee.*

*Chester C. Davis for defendant appellant Christine L. Jester.*

PHILLIPS, Judge.

Though defendant's appeal is dismissible since it is from an interlocutory order that does not affect a substantial right, G.S. 1-277; G.S. 7A-27; *Veasey v. City of Durham*, 231 N.C. 354, 57 S.E.2d 375 (1950), to prevent manifest injustice to the appellant, and to expedite the end of this overly litigated matter, which was legally set at rest more than nineteen months ago when the default judgment was satisfied, we suspend the rules under the provisions of Rule 2 of our appellate rules and treat the appeal as a petition for *certiorari* made pursuant to Rule 21(a) and grant it. For the order undertaking to relieve plaintiff from the amount of the judgment and reopen the case for hearings is erroneous for several reasons, plaintiff is not entitled to recover anything further of defendant, and if the case is not terminated now she, the trial court and this Court will be further burdened and inconvenienced by it to no purpose.

The first reason the order is erroneous is because the court had no authority to enter it. The order neither set aside the default judgment nor relieved plaintiff of it as Rules 55(d) and 60(b), N.C. Rules of Civil Procedure, authorize upon good cause being shown; instead, it keeps the judgment in effect and permits it to be enlarged, which no rule or statute authorizes. Though the only basis for the default judgment was that a "sum certain" was then due plaintiff from defendant, Rule 55(b)(1), N.C. Rules of Civil Procedure,

the order left the default judgment standing while permitting its base to be destroyed by the recovery of future debts. This contradictory, incongruous directive is in the nature of permitting plaintiff to retain its cake after eating it, which is no more possible in court than elsewhere. Under similar circumstances our Supreme Court said: "Neither Rule 60(b)(6) nor any other provision of law authorizes a court to nullify or avoid one or more of the legal effects of a valid judgment while leaving the judgment itself intact." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987).

The second reason the order is erroneous is because our law does not permit a party to claim that a judgment is defective after relying upon its validity and accepting its benefits. *Draughon v. Draughon*, 94 N.C.App. 597, 380 S.E.2d 547 (1989). In this case, after petitioning the court to enter the very judgment involved, plaintiff relied upon its validity and force not once but thrice — by executing on it; by retaining the money collected by execution; and by suing defendant in a separate action for future rents.

Another reason the order is erroneous is that by deciding to obtain a final judgment for the sum certain that was then owed, rather than to have the damages determined later by a trial, plaintiff waived any right it might have had to obtain judgment for a larger amount. *Chrisalis Properties, Inc. v. Separate Quarters, Inc.*, 101 N.C.App. 81, 398 S.E.2d 628 (1990).

Finally, the order is also erroneous because plaintiff's affidavits do not support the court's finding that the judgment was entered as a result of mistake, inadvertence or excusable neglect, as the inadvertence, mistake, or neglect that they show are of a kind that the law does not excuse. For all the affidavits show, when sifted down, is that in signing the court papers which enabled the default judgment to be entered plaintiff's treasurer and counsel were unaware that they had sued for future rents — a matter that they could have known through the exercise of due diligence and reasonable care, and that they were required to know by Rule 11 of our civil procedure rules.

Reversed.

Judges ORR and GREENE concur.