CASSANDRA SMITH, BY AND THROUGH HER MOTHER, MARY E. SMITH, PLAINTIFF V.
GEORGE SMITH, DEFENDANT

No. COA00-596

(Filed 7 August 2001)

**1. Appeal and Error— expired domestic violence protective order—mootness—collateral consequences**

An appeal from an expired domestic violence protective order was not moot because defendant could suffer collateral legal consequences such as consideration of the order in a custody action, as well as the stigma likely to attach to a person judicially determined to have committed domestic abuse.

**2. Domestic Violence— protective order—sufficiency of findings**

The trial court erred by entering a domestic violence protective order against defendant based upon findings which show that defendant's twelve-year-old daughter felt uncomfortable because of defendant's conduct in touching her buttocks and chest area but did not fear bodily injury.

Judge McGEE dissenting.

Appeal by defendant from order filed 25 February 2000 by Judge William C. Lawton in Wake County District Court. Heard in the Court of Appeals 27 March 2001.

*East Central Community Legal Services, by Suzanne Chester, and Legal Services of North Carolina, Inc., by George Hausen, for plaintiff-appellee.*

*Robert A. Miller, P.A., by Robert A. Miller, for defendant-appellant.*

GREENE, Judge.

George Smith (Defendant) appeals from a domestic violence protective order filed 25 February 2000 in favor of Cassandra Smith (Plaintiff) by and through her mother, Mary E. Smith (Smith).

Plaintiff is the twelve-year-old minor child of Defendant and Smith. In February 2000, Plaintiff resided with her parents, her younger brother, Smith's two daughters from a previous relationship,

and Smith's granddaughter. At that time, Defendant, who was recovering from being hospitalized as the result of a manic episode, served as the caregiver of the minor children while Smith worked outside of the home.

On 8 February 2000 and a portion of 9 February 2000, Plaintiff stayed home from school under the care of Defendant because she was sick. Feeling better, Plaintiff returned to school at some time on 9 February 2000. On the evening of 9 February 2000, Plaintiff telephoned her grandmother and reported Defendant had touched her that day in an inappropriate manner. As a result, a complaint was filed with the Department of Human Services (DHS) relating to allegations of abuse by Defendant of Plaintiff and her brother. On 14 February 2000, Defendant voluntarily entered into a child protection plan with DHS, under which Defendant agreed not to be in the presence of Plaintiff without another adult being present.

Based on Plaintiff's allegations of inappropriate touching by Defendant, an ex parte domestic violence protective order was issued on 14 February 2000, requiring that Defendant leave the marital residence. Subsequent to trial, the trial court made the following pertinent findings of fact:

12. Plaintiff testified that on perhaps 30 occasions since Defendant's return from the hospital, Defendant has touched her, either on her buttocks or her chest while she was wearing clothes, and that on some of these occasions he rubbed her on the buttocks area, refusing to stop until she pulled away from him and left the room. Plaintiff testified that [Defendant] made statements to her which made her feel uncomfortable. The only statement Plaintiff was able to recall was that [Defendant] "told her how pretty she was and that he couldn't wait for her to grow up and see what a beautiful woman she would become[."] Plaintiff testified [Defendant] had never physically hurt her, nor was she afraid that he would physically hurt her, but that his touching made her feel very uncomfortable and it was "creepy[.]"

13. In view of the age, size[,] and sexual differences between Plaintiff and Defendant, by inappropriately touching her buttocks and chest area and failing to immediately respond to Plaintiff's request for Defendant to stop, causing Plaintiff to leave the room, Defendant placed Plaintiff in actual fear of imminent serious bodily injury, in the form of an emotional injury arising from Defendant's behavior.

Based on these findings, the trial court made the following conclusion of law:

> 3. . . . The threat of imminent emotional injury to Plaintiff as a result of Defendant's conduct was sufficient to constitute placing Plaintiff in fear of imminent serious bodily injury within the meaning [of] G.S. 50B-1(a)(2).

The trial court, therefore, entered a domestic violence protective order which excluded Defendant from the parties' residence and prohibited Defendant from having any contact with Plaintiff. The order was "effective for six months [and] subject to renewal on or before August 21, 2000."

---

The issues are whether: (I) issues raised in an appeal from an expired domestic violence protective order are moot and, if not, (II) the trial court's findings of fact support a conclusion that Defendant's actions placed Plaintiff "in fear of imminent serious bodily injury."[1]

I

[1] Generally, an appeal should be dismissed as moot "[w]hen events occur during the pendency of [the] appeal which cause the underlying controversy to cease to exist." *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977). Nevertheless, "even when the terms of the judgment below have been fully carried out, if collateral legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot and the appeal has continued legal significance." *Id.*

In this case, a domestic violence protective order was issued against Defendant pursuant to N.C. Gen. Stat. § 50B-1(a)(2). Although the order, which was "effective for six months [and] subject to renewal on or before August 21, 2000," expired prior to the time Defendant's appeal was heard in this Court, Defendant may suffer collateral legal consequences as a result of the entry of the order. Such collateral legal consequences may include consideration of the order by the trial court in any custody action involving Defendant.

---

1. Plaintiff filed a motion in this Court to dismiss Defendant's appeal on the ground Defendant filed his notice of appeal in this Court while a motion to set aside the judgment pursuant to Rule 59 was pending in the trial court. Assuming, without deciding, that Defendant's notice of appeal was not timely, we treat Defendant's appeal as a petition for writ of certiorari and grant the petition. *See Kimzay Winston-Salem, Inc. v. Jester*, 103 N.C. App. 77, 79, 404 S.E.2d 176, 177, *disc. review denied*, 329 N.C. 497, 407 S.E.2d 534 (1991); N.C.R. App. P. 2.

*See* N.C.G.S. § 50-13.2(a) (1999) (trial court must consider "acts of domestic violence" when determining the best interest of the child in custody proceeding). Thus, Defendant's appeal has continued legal significance and is not moot.

In addition to the collateral legal consequences, there are numerous non-legal collateral consequences to entry of a domestic violence protective order that render expired orders appealable. For example, a Maryland appellate court in addressing an appeal of an expired domestic violence protective order, noted that "a person applying for a job, a professional license, a government position, admission to an academic institution, or the like, may be asked about whether he or she has been the subject of a [domestic violence protective order]." *Piper v. Layman*, 726 A.2d 887, 891 (Md. Ct. Spec. App. 1999). The *Piper* court, therefore, held appeals from expired domestic violence protective orders are not moot because of the "stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse." *Id.*; *see also Wooldridge v. Hickey*, 700 N.E.2d 296, 298 (Mass. App. Ct. 1998) (holding the defendant's appeal of expired domestic violence protective order was not moot). Based on the rationale of *Piper*, in addition to the continued legal significance of an appeal of an expired domestic violence protective order, we hold the issues raised by an appeal from such an order are not moot.

## II

**[2]** Defendant argues the trial court's findings of fact do not support a conclusion Defendant's actions placed Plaintiff "in fear of imminent serious bodily injury." Thus, the trial court erred by entering a domestic violence protective order against Defendant. We agree.

A trial court may grant a protective order "to bring about the cessation of acts of domestic violence." N.C.G.S. § 50B-3(a) (Supp. 2000). An act of domestic violence is defined, in pertinent part, as "[p]lacing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury." N.C.G.S. § 50B-1(a)(2) (1999). The test for whether the aggrieved party has been placed "in fear of imminent serious bodily injury" is subjective; thus, the trial court must find as fact the aggrieved party "actually feared" imminent serious bodily injury. *Brandon v. Brandon*, 132 N.C. App. 647, 654, 513 S.E.2d 589, 595 (1999).

In this case, the trial court found as fact that Plaintiff testified Defendant's actions made her feel "uncomfortable" and " 'creepy.' "

**SMITH v. SMITH**

[145 N.C. App. 434 (2001)]

The trial court also found as fact that "Plaintiff testified [Defendant] had never physically hurt her, nor was she afraid that he would physically hurt her." These findings of fact which show Defendant's conduct caused Plaintiff to feel uncomfortable but did not place her in fear of bodily injury do not support a conclusion Defendant placed Plaintiff "in fear of serious imminent bodily injury."[2] Accordingly, the trial court's 25 February 2000 domestic violence protective order is reversed. Although Defendant's conduct did not fall within the definition of an act of domestic violence under section 50B-1(a)(2), we note that Defendant's conduct may fall within the elements of one or more criminal statutes, such as taking indecent liberties with children under N.C. Gen. Stat. § 14-202.1.

Reversed.

Judge CAMPBELL concurs.

Judge McGEE dissents.

McGEE, Judge, dissenting.

Defendant argues in his assignment of error on appeal that the trial court's conclusion of law that defendant placed plaintiff in fear of imminent serious bodily injury is unsupported by the trial court's findings of fact. The majority agrees, relying on the trial court's finding that plaintiff testified she was not afraid defendant would physically hurt her and discounting the trial court's subsequent finding that plaintiff was in actual fear of serious bodily harm. Because I believe the trial court's conclusion of law is supported by its findings of fact, I dissent.

Defendant does not challenge on appeal the trial court's conclusion that the requirement of serious bodily injury under N.C. Gen. Stat. § 50B-1(a)(2) may be satisfied through emotional injury. Defendant instead attacks the trial court's finding of fact that plaintiff was in actual fear of imminent serious bodily injury in the form of emotional injury arising from defendant's behavior. However, because defendant did not assign error to the trial court's findings of

---

2. We acknowledge the trial court found as fact that "Defendant placed Plaintiff in actual fear of imminent serious bodily injury"; however, this finding by the trial court was based on actions by Defendant that Plaintiff herself testified did not cause her fear of physical harm. Thus, this finding by the trial court cannot support its conclusion Plaintiff was placed "in fear of imminent serious bodily injury."

**SMITH v. SMITH**

[145 N.C. App. 434 (2001)]

fact on appeal, we must presume those findings of fact to be correct. *See Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235-36, 506 S.E.2d 754, 758 (1998). I would therefore hold that the trial court's challenged conclusion of law is supported by its finding of fact that defendant placed plaintiff in actual fear of imminent serious bodily injury, in the form of an emotional injury arising from defendant's behavior.

The majority has instead apparently concluded that the trial court's finding that plaintiff testified she was not afraid defendant would physically harm her conflicts with and overrules the trial court's finding that plaintiff actually feared imminent serious bodily injury. I find no such conflict between the two findings. Insofar as serious bodily injury may be suffered through emotional injury, a lack of fear of physical injury in no way precludes fear of emotional injury. Plaintiff could very well have one fear and not the other.

Moreover, the trial court did not actually find that plaintiff lacked fear of physical injury. The trial court found only that plaintiff, a twelve-year-old child, testified to that effect. As our Court stated in *State v. Sessoms*, 119 N.C. App. 1, 6, 458 S.E.2d 200, 203 (1995), *aff'd per curiam*, 342 N.C. 892, 467 S.E.2d 243, *cert. denied*, 519 U.S. 873, 136 L. Ed. 2d 129 (1996),

> the trial judge is present for the full sensual effect of the spoken word, with the nuances of meaning revealed in pitch, mimicry and gestures, appearances and postures, shrillness and stridency, calmness and composure, all of which add to or detract from the force of spoken words.
>
> The trial judge's findings, therefore, which turn in large part on the credibility of the witnesses, must be given great deference by this Court.

(citing *State v. Porter*, 326 N.C. 489, 391 S.E.2d 144 (1990)). In applying that reasoning in *Brandon v. Brandon*, 132 N.C. App. 646, 652, 513 S.E.2d 589, 594 (1999), we stated:

> We emphasize that the trial court was present to see and hear the inflections, tone, and temperament of the witnesses, and that we are forced to review a cold record. We cannot say that the inferences drawn by the trial court from the evidence were unreasonable; therefore we are bound by this portion of the trial court's finding.

I see no reason why a trial court could not listen to a minor plaintiff testify that she was not afraid of a defendant but, after observing her demeanor and hearing the rest of her testimony, nonetheless conclude that the minor plaintiff was indeed afraid. I therefore see no inherent contradiction between two findings of fact, one which finds that a twelve-year-old child testified she had no fear of her father and the other finding that she in fact feared him. Where, as in the present case, the sufficiency of the evidence to support the trial court's findings of fact is not an issue before us on appeal, only an inherent contradiction between findings of fact should lead us to discount one in favor of another.

For the above reasons, I would overrule defendant's assignment of error and affirm the trial court's order.