LINDA C. EAGLE, Plaintiff v. GARY JOHNSON, Defendant

No. COA02-848

(Filed 5 August 2003)

## 1. Appeal and Error— mootness—expired order—collateral consequences

An appeal from a domestic violence protective order was not moot even though the order had expired because the order could have collateral legal and non-legal consequences.

## 2. Collateral Estoppel and Res Judicata— domestic violence protective order—denied in another county—res judicata

A contention that a request for a domestic violence protective order in one county was barred by a previous denial in another county raised the defense' of res judicata. Collateral estoppel precludes re-litigation of issues previously adjudicated; res judicata precludes an action between the parties or those in privity based on the same claim.

## 3. Evidence— res judicata defense—evidence of prior claim—admissible

A new trial was ordered on a domestic violence protective order where the court did not allow evidence that a judge in another county had previously denied the request. The prior case involved precisely the same claim and the parties are identical; the court should have admitted the evidence and considered whether the current case was barred by res judicata.

Appeal by defendant from order entered 21 February 2002 by Judge Teresa H. Vincent in Guilford County District Court. Heard in the Court of Appeals 14 May 2003.

*Bruce A. Lee for plaintiff-appellee.*

*Douglas R. Hux for defendant-appellant.*

GEER, Judge.

This action arises out of a domestic violence protective order entered against defendant Gary Johnson on 21 February 2002 in Guilford County District Court. We hold that the trial court erred in refusing to allow defendant to introduce evidence in support of his defense of *res judicata* and remand for a new trial.

On 4 February 2002, plaintiff Linda C. Eagle filed a complaint and motion for a domestic violence protective order in Rockingham County District Court. The complaint and motion alleged that on 1 February 2002, defendant grabbed plaintiff, threw her to the ground, kneed her chest, choked her, and bruised her neck, causing her neck and back pain. At the hearing on the complaint and motion on 14 February 2002, Judge Fred Wilkins of the Rockingham County District Court denied plaintiff's motion for the domestic violence protective order and ordered the action dismissed, concluding that plaintiff had failed to prove that defendant committed acts of domestic violence against plaintiff.

On the next day, 15 February 2002, plaintiff filed a second complaint and motion for a domestic violence protective order, but this time filed her action in Guilford County District Court. This complaint alleged again that on 1 February 2002, defendant grabbed her, threw her to the ground, choked her, and put his knee to her chest so that she could not breathe, causing her neck and back pain. Plaintiff did not disclose that she had previously sought a protective order in Rockingham County.

On 15 February 2002, the Guilford County District Court entered an *ex parte* domestic violence protective order and scheduled a hearing on the complaint and motion for 21 February 2002. In an order filed 21 February 2002, the Guilford County District Court entered a domestic violence protective order finding that defendant had assaulted plaintiff on 1 February 2002. The order was to remain in effect for one year. Defendant has appealed from the 21 February 2002 order.

In defendant's narration of the evidence, pursuant to N.C.R. App. P. 9(c)(1), defendant states that he "tried to introduce the Rockingham County court ruling during cross-examination of the

[p]laintiff, and again as evidence during his presentation, but the Guilford County District Court Judge refused to allow evidence of the earlier hearing into evidence." On appeal, defendant contends that the trial court erred in refusing to consider evidence of the Rockingham County proceedings in connection with his defenses of *res judicata* and collateral estoppel. We agree.

**[1]** As a preliminary matter, we note that the protective order has now, under its terms, expired. Because, however, this protective order could have collateral legal and non-legal consequences— including the stigma of a judicial determination of domestic violence—this appeal is not moot. *Smith v. Smith*, 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001) (holding that an appeal of an expired domestic violence order is not moot).

**[2]** As one of his defenses below, defendant contended that this case was barred either by *res judicata* or collateral estoppel. *Res judicata* precludes a subsequent action between the same parties (or those in privity) based on the same claim, while collateral estoppel precludes re-litigation of issues that have already been previously adjudicated, even if the prior action involved a different claim. *Hales v. North Carolina Ins. Guar. Ass'n*, 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994). Because in this case defendant contends that plaintiff's complaint in Guilford County involves the same claim—a request for a domestic violence protective order based on 1 February 2002 conduct—as the prior action in Rockingham County, the proper defense is *res judicata*.

**[3]** As this Court has previously held, "[i]n order to successfully assert the doctrine of *res judicata*, a defendant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits." *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998). A defendant may meet this burden by offering into evidence the final judgment from the prior litigation and documentation from that litigation sufficient to demonstrate that the causes of action and parties in the two lawsuits are the same. *See, e.g., Lombroia v. Peek*, 107 N.C. App. 745, 748, 421 S.E.2d 784, 486 (1992) (a judgment or finding of another court is admissible to establish *res judicata*).

Here, defendant unsuccessfully attempted to offer precisely such evidence, including the complaint and motion filed in Rockingham

County District Court and the Rockingham County court's order dismissing that action on the merits. A review of those documents suggests that plaintiff's Rockingham County case involved precisely the same claim as asserted in this case and that the parties are identical. The trial court should, therefore, have admitted this evidence of the prior proceeding and considered whether plaintiff's Guilford County case was barred by the doctrine of *res judicata*.

Based on the fact that defendant has only assigned as error the trial court's failure to allow him to present evidence of the prior proceeding and has not assigned error to the district court's failure to apply the doctrine of *res judicata*, we remand this case for a new trial. At that trial, the court must determine whether the Rockingham County action involved the same claim and parties as in this case and whether plaintiff's action is, therefore, barred by the doctrine of *res judicata*.

New trial.

Judges MARTIN and HUNTER concur.