PENNY GORDON BENSON, Plaintiff-Appellee,
v.
TIMOTHY DWAYNE BENSON, Defendant-Appellant.
No. COA06-266
Court of Appeals of North Carolina.
Filed February 6, 2007
This case not for publication
C.R. "Skip" Long, Jr. for Defendant-Appellant.
No brief filed by Plaintiff-Appellee.
McGEE, Judge.
Defendant appeals from a domestic violence protective order (DVPO) issued by the trial court on behalf of Plaintiff. Although the DVPO expired on 6 February 2006, we note that Defendant's appeal is not moot, in light of the "`stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse'" as well as "the continued legal significance of an appeal of an expired domestic violence protective order[.]" Smith v. Smith, 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001) (internal citations omitted).
Defendant argues that the finding of fact entered by the trial court is insufficient to satisfy the statutory requirements forissuance of a DVPO. See N.C. Gen. Stat. §§ 50B-1, 50B-3 (2005). We agree.
A court may issue a DVPO "`to bring about the cessation of acts of domestic violence.'" Smith, 145 N.C. App. at 437, 549 S.E.2d at 914 (quoting N.C. Gen. Stat. § 50B-3(a) Supp. 2000)). Our Court has held, however, that "[t]he court's authority to enter a protective order . . . is dependent upon finding that an act of domestic violence occurred and that the order furthers the purpose of ceasing acts of domestic violence." Bryant v. Williams, 161 N.C. App. 444, 446, 588 S.E.2d 506, 508 (2003). "Domestic violence" is defined by statute as the commission of one or more of the following acts upon an aggrieved party . . . :
(1) Attempting to cause bodily injury, or intentionally causing bodily injury;
(2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3, that rises to such a level as to inflict substantial emotional distress; or
(3) Committing any act defined in G.S. 14-27.2 through G.S. 14-27.7.
N.C. Gen. Stat. § 50B-1(a)(1)-(3) (2005). For purposes of N.C.G.S. § 50B-1(a)(2), "harassment" is "knowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3(c) (2005).
The DVPO entered against Defendant lacks sufficient findings of fact to satisfy N.C. Gen. Stat. §§ 50B-1. The sole finding of fact included in the DVPO reads as follows:
The parties have a contingi [sic] [r]elationship. Both parties have been disrespectful to the other even in presence of the children.
The trial court's sole finding of fact does not find any action by Defendant that would constitute an act of domestic violence under N.C. Gen. Stat. § 50B-1(a). The disrespectful conduct of both parties to one another found by the trial court may be inappropriate, but that conduct does not meet the statutory definition of domestic violence and therefore does not support the entry of a DVPO pursuant to N.C. Gen. Stat. § 50B-3.
The order also includes a single conclusion of law, designated by a marked box on the order form, that the DVPO "is necessary to bring about a cessation of acts of domestic violence." There is no conclusion that an act of domestic violence had occurred.
With no finding of fact of conduct of the Defendant that constitutes an act of domestic violence, the order must be reversed. See Price v. Price, 133 N.C. App. 440, 442, 514 S.E.2d 553, 554 (1999); Brandon v. Brandon, 132 N.C. App. 646, 654, 513 S.E.2d 589, 594 (1999); see also Woodring v. Woodring, 164 N.C. App. 588, 593, 596 S.E.2d 370, 374 (2004).
Reversed.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).