An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-774

NORTH CAROLINA COURT OF APPEALS

Filed:  17 June 2014

NICOLE HARTFORD SHACKLEY,
     Plaintiff

v.

Pitt County
No. 13 CvD 537

NORMAN HENRY SHACKLEY,
     Defendant


Appeal by defendant from order entered 15 March 2013 by Judge Ericka Y. James in Pitt County District Court.  Heard in the Court of Appeals 6 January 2014.


*Nicole Shackley, pro se.  No brief filed.*

*David C. Sutton for Defendant.*


ERVIN, Judge.


Defendant Norman Henry Shackley, Jr., appeals from a domestic violence protective order entered against him as the result of acts of domestic violence that he was alleged to have committed against his former wife, Plaintiff Nicole Hartford Shackley.  On appeal, Defendant argues that the trial court's findings that he committed acts of domestic violence against Plaintiff lack adequate evidentiary support and that the trial

court was biased against him. After careful consideration of Defendant's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should remain undisturbed.

## I. Factual Background

### A. Substantive Facts

Plaintiff and Defendant were married from 2006 to 2009 and were living together as of 4 March 2013. According to Plaintiff, Defendant threatened to kill her during the course of numerous phone conversations that occurred between 28 February and 3 March 2013.[1] At the time that Defendant made these threatening phone calls, Plaintiff was in Raleigh and Defendant was in Greenville and wearing an electronic monitoring bracelet that would have notified law enforcement officers if he changed locations. Even so, Plaintiff testified that she was terrified by Defendant's threats because she believed that Defendant would cut off the bracelet and "hunt [her] down and kill [her]."[2]

---

[1] As a result of the fact that none of these conversations were recorded, the only evidence of the threats that Defendant allegedly made against Plaintiff was contained in Plaintiff's testimony.

[2] On cross-examination, Defendant questioned Plaintiff concerning the existence of certain recorded phone conversations between Plaintiff and Defendant and argues on appeal that the trial court violated the "best evidence" rule by refusing to require the production of these recordings and related transcripts. However, Plaintiff testified that the calls in

According to Plaintiff, Defendant's threats were motivated by a number of factors. For example, Plaintiff testified that Defendant had been charged with impersonating a police officer and threatened to kill her if she did not present false testimony in his favor in that criminal proceeding. In addition, Plaintiff testified that Defendant had told her that, in the event that she failed to repay $35,000 that he claimed she owed him in connection with a plastic surgery-related bill by the time that he was ready to move to South Carolina, he would kill her or force her to move with him and work off the debt. As a result of these threats, Plaintiff was "really scared, because [she] believe[d] he [would] do it."

In addition, Plaintiff described other incidents in which Defendant engaged in acts of domestic violence against her that had occurred prior to the incidents upon which Plaintiff relied in support of her effort to obtain the issuance of a DVPO. In 2012, while Plaintiff and Defendant were having an argument, Defendant threw Plaintiff against a closet, put her in a headlock, twisted her neck, threw her on a bed, jumped on top of

question did not contain Defendant's threats to kill her and had not led to her request for the issuance of a DVPO. As a result, since these recordings and transcripts do not relate to the conversations that underlie Plaintiff's request for the issuance of a DVPO, we need not address the validity of Defendant's challenge to the trial court's refusal to require the production of these items.

her, and threatened to kill her. On another occasion, Defendant jumped on top of Plaintiff and threatened to kill her while holding her by the neck. As a result of these prior experiences, Plaintiff testified that she believed that, in the event that Defendant were to find her, he would kill her.

## B. Procedural History

On 5 March 2013, Plaintiff filed a complaint seeking the entry of a domestic violence protective order against Defendant. On the same day, Judge David Leech entered an *ex parte* domestic violence protective order against Defendant and scheduled a hearing concerning the issues raised by Plaintiff's complaint for 15 March 2013. At the conclusion of the 15 March 2013 hearing, the trial court determined that Defendant had committed acts of domestic violence against Plaintiff and entered an order prohibiting Defendant from committing or threatening to commit any further acts of domestic violence against Plaintiff, ordering Defendant to refrain from having any contact with Plaintiff and to avoid being present at Plaintiff's residence and workplace, and requiring Defendant to surrender any firearms in his possession. Defendant noted an appeal to this Court from the trial court's order.[3]

---

[3]Although the domestic violence protective order from which Defendant has appealed expired on 14 March 2014, this Court has held that, since a "protective order could have collateral legal

## II. Substantive Legal Analysis

## A. Validity of Trial Court's Findings of Domestic Violence

In his first challenge to the trial court's order, Defendant contends that the trial court erred on the ground that its determination to the effect that Defendant had committed acts of domestic violence against Plaintiff lacked adequate record support. More specifically, Defendant asserts that the record does not support the trial court's determination that he engaged in acts of domestic violence against Plaintiff as alleged in Plaintiff's complaint given that Plaintiff's complaint alleged that the acts of domestic violence that he allegedly committed against Plaintiff occurred on a single date rather than over a period of time and given that the trial court denied Plaintiff's request to amend her complaint to conform to the evidence. Defendant is not entitled to any relief on the basis of this argument.

### 1. Standard of Review

> When the trial court sits without a jury regarding a [domestic violence protective order], the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Where there

and non-legal consequences—including the stigma of judicial determination of domestic violence—this appeal [of an expired domestic violence protective order] is not moot." *Eagle v. Johnson*, 159 N.C. App. 701, 703, 583 S.E.2d 346, 347 (2003).

> is competent evidence to support the trial court's findings of fact, those findings are binding on appeal.

*Kennedy v. Morgan*, __ N.C. App. __, __, 726 S.E.2d 193, 195 (2012) (quoting *Hensey v. Hennessy*, 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009)). In the event that "'different reasonable inferences can be drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial [court],'" since "'the trial judge is present for the full sensual effect of the spoken word, with the nuances of meaning revealed in pitch, mimicry and gestures, appearances and postures, shrillness and stridency, calmness and composure, all of which add to or detract from the force of spoken words.'" *Brandon v. Brandon*, 132 N.C. App. 646, 651-52, 513 S.E.2d 589, 593 (1999) (quoting *Elec. Motor & Repair Co. v. Morris & Associates*, 2 N.C. App. 72, 75, 162 S.E.2d 611, 613 (1968), and *State v. Sessoms,* 119 N.C. App. 1, 6, 458 S.E.2d 200, 203 (1995), *aff'd*, 342 N.C. 892, 467 S.E.2d 243, *cert. denied*, 519 U.S. 873, 117 S. Ct. 191, 136 L. Ed. 2d 129 (1996)) (alteration in original). As a result, "[t]he trial court's findings turn in large part on the credibility of the witnesses, [and] must be given great deference by this Court." *Brandon*, 132 N.C. App. at 652, 513 S.E.2d at 593 (quotation omitted). To support entry of a domestic violence protective order, the trial court must also

make a conclusion of law "'that an act of domestic violence has occurred.'" *Kennedy*, __ N.C. App. at __, 726 S.E.2d at 196 (quoting N.C. Gen. Stat. § 50B-3(a)). An act of domestic violence is defined, in pertinent part, as "[p]lacing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury." N.C. Gen. Stat. § 50B-1(a)(2). "The test for whether the aggrieved party has been placed 'in fear of imminent serious bodily injury' is subjective; thus, the trial court must find as fact the aggrieved party 'actually feared' imminent serious bodily injury." *Smith ex rel. Smith v. Smith*, 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001) (quoting *Brandon*, 132 N.C. App. at 654, 513 S.E.2d at 595). In the event that the trial court determines "that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." N.C. Gen. Stat. § 50B-3(a). We will now utilize this standard of review to evaluate Defendant's challenge to the trial court's order.

2. Adequacy of Support for Trial Court's Findings

In this case, the trial court found that Defendant placed Plaintiff in fear of imminent serious bodily injury by threatening to kill her. The trial court also found that Defendant possessed, owned, or had access to several firearms;

that Defendant made threats to seriously injure or kill Plaintiff; and that "Defendant has [engaged in] a pattern of prior conduct involving the use of violence against [P]laintiff." These findings are clearly sufficient to support the issuance of a domestic violence protective order.

According to the evidence that Plaintiff presented before the trial court, Defendant threatened to kill Plaintiff over the phone on multiple occasions. The threats that Plaintiff claimed that Defendant had made against her stemmed from Defendant's demand that she perjure herself in a criminal proceeding in which Defendant was charged with impersonating a police officer. In addition, Defendant threatened to kill Plaintiff if she did not pay the $35,000 that he claimed she owed him in connection with a plastic surgery-related bill. As a result of these threats, Plaintiff testified that she feared for her life, asserting that she was "really scared," and "terrified" that Defendant was going to kill her. As a result of the fact that trial court findings "turn in large part on the credibility of the witnesses" and "must be given great deference by this Court," *Brandon*, 132 N.C. App. at 652, 513 S.E.2d at 593, we hold that Plaintiff's testimony supports the trial court's determination that Defendant placed Plaintiff in fear of imminent serious bodily injury. Moreover, given that, "where

the trial court finds that a plaintiff is actually subjectively in fear of imminent serious bodily injury, an act of domestic violence has occurred pursuant to [N.C. Gen. Stat. §] 50B-1(a)(2)," *Id.* at 654-55, 513 S.E.2d at 595, we further hold that the trial court's finding of fact that Plaintiff was "placed in fear of imminent serious bodily injury" supports the trial court's conclusion that Defendant committed acts of domestic violence against Plaintiff so that a domestic violence protective order should be entered.

In seeking to persuade us to reach a different result, Defendant argues that the trial court's findings lack adequate evidentiary support on the grounds that, while Plaintiff's complaint alleges that the relevant acts of domestic violence occurred on 4 March 2013, Plaintiff testified that the phone calls in question actually took place between 28 February and 3 March 2013 and notes that the trial court denied Plaintiff's request to amend her complaint to conform to the evidence concerning the dates upon which these acts of domestic violence occurred.[4] Defendant has not, however, cited any authority in

---

[4]Admittedly, the only date mentioned in the complaint is 4 March 2013. However, Plaintiff testified that the reference in the complaint to 4 March 2013 related to the date upon which she wrote the factual statement that she submitted in support of her request for the issuance of a DVPO rather than to the dates upon which the acts of domestic violence upon which her complaint rested actually occurred.

support of his contention that the discrepancy between the date-related allegations contained in the complaint and the dates specified in Plaintiff's testimony deprives the domestic violence protective order at issue here of adequate evidentiary support. According to well-established North Carolina law, an argument in support of which no authority is cited will be deemed abandoned. *State v. Sinnott*, 163 N.C. App. 268, 273, 593 S.E.2d 439, 442-43, *appeal dismissed*, 358 N.C. 738, 602 S.E.2d 678 (2004), *cert. denied*, 544 U.S. 962, 125 S. Ct. 1740, 161 L. Ed. 2d 604 (2005). As a result, given that the record evidence supports the trial court's determination that Defendant committed acts of domestic violence against Plaintiff and given that Defendant has failed to cite any authority in support of his challenge to the trial court's findings based upon the difference between the date specified in the complaint and the dates set out in Plaintiff's testimony, we decline to address this argument, *State v. Latham*, 157 N.C. App. 480, 486, 579 S.E.2d 443, 448, *disc. review denied*, 357 N.C. 509, 588 S.E.2d 376 (2003); N.C. R. App. P. 28(b)(6), and conclude that the record contains sufficient evidence to support the trial court's finding that Defendant placed Plaintiff in fear of imminent serious bodily injury by threatening to kill her and had, by doing that, committed an act of domestic violence against her.

## B. Judicial Bias

Secondly, Defendant argues that he was deprived of his right to a fair hearing in connection with Plaintiff's request for the issuance of a domestic violence protective order on the grounds that the trial court was biased against him. In support of this contention, Defendant argues that the trial judge's statement to the effect that "[b]lood is not going to be on my hands" demonstrates that the trial court was biased against him. Defendant is not entitled to relief from the trial court's order on the basis of this contention either.

"On motion of any party, a judge should disqualify himself/herself in a proceeding in which the judge's impartiality may reasonably be questioned, including but not limited to instances where . . . [t]he judge has a personal bias or prejudice concerning a party[.]" Code of Judicial Conduct Canon 3C(1)a. Canon 3 does not, however, impose an affirmative duty upon members of the trial bench to disqualify themselves on their own motion. *In re Key*, 182 N.C. App. 714, 719, 643 S.E.2d 452, 456, *disc. review denied*, 361 N.C. 428, 648 S.E.2d 506 (2007) (stating that, "[w]hile [Canon 3 of the Code of Judicial Conduct] certainly encourages a judge to recuse himself or herself in cases where his or her 'impartiality may reasonably be questioned' upon [his or her] own motion, [he or she is] not

required to do so in the absence of a motion by a party"). In the event that a party fails to move to disqualify the trial judge during the course of the proceedings in the court below, the issue of whether the trial judge should have disqualified himself or herself is not properly preserved for purposes of appellate review. *Id.* (citing *State v. Love*, 177 N.C. App. 614, 627-28, 630 S.E.2d 234, 243, *disc. review denied*, 360 N.C. 580, 636 S.E.2d 193 (2006)). A careful review of the record presented for our review in this case indicates that Defendant never moved to disqualify the trial court or raised the issue of the trial court's alleged bias in the court below in any other manner. As a result, given Defendant's failure "to move that the trial judge recuse h[er]self," he is not entitled to "raise on appeal the judge's alleged bias based on an undesired outcome." *Sood v. Sood*, __ N.C. App. __, __, 732 S.E.2d 603, 608, *disc. review denied*, 366 N.C. 417, 735 S.E.2d 336 (2012). As a result, we hold that Defendant is not entitled to an award of appellate relief based upon the trial court's alleged bias in favor of Plaintiff.

## III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Defendant's challenges to the trial court's order provide any basis for an award of appellate relief. As a

result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Chief Judge MARTIN and Judge McCULLOUGH concur.

Report per Rule 30(e).