ERNEST C. PEARSON v. JAMES G. MARTIN, IN HIS CAPACITY AS GOVERNOR OF THE STATE OF NORTH CAROLINA; LACY H. THORNBURG, IN HIS CAPACITY AS ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA; JOYCE A. HAMILTON; DONALD W. OVERBY; FRED M. MORELOCK; AND THOMAS W. STEED, JR., IN HIS CAPACITY AS PRESIDENT OF THE WAKE COUNTY BAR ASSOCIATION

No. 643PA86

(Filed 5 May 1987)

**Appeal and Error § 9— district court judgeship—political party—action to declare statute unconstitutional—mootness**

Plaintiff's action to have the requirement of N.C.G.S. § 7A-142 that persons nominated by the Bar to fill a vacancy for district court judge be "members of the same political party as the vacating judge" declared unconstitutional for the purpose of permitting him to be included in the selection process for a candidate to succeed to the judgeship vacated by a specified person is dismissed as moot where the Bar meeting that plaintiff seeks to participate in had been held prior to the time plaintiff filed his complaint.

ON discretionary review prior to a determination by the Court of Appeals granted by this Court ex mero motu pursuant to N.C.G.S. § 7A-31(a) and Rule 15(e)(2) of the North Carolina Rules of Appellate Procedure. Plaintiff appealed from summary judgment in favor of defendants by *Herring, J.,* at the 15 September 1986 session of Superior Court, WAKE County. Heard in the Supreme Court 13 April 1987.

*Hunter, Hodgman, Greene, Donaldson, Cooke & Elam, by Robert N. Hunter, Jr., for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by Jean A. Benoy, Senior Deputy Attorney General, and Isham B. Hudson, Jr., Special Deputy Attorney General, for defendant-appellees.*

MARTIN, Justice.

Plaintiff filed his complaint on 29 August 1986 in the Superior Court of Wake County. The pertinent allegations of the complaint are:

20. On or about August 4, 1986, District Court Judge NARLEY CASHWELL resigned his office as District Court Judge of the 10th Judicial District, said vacancy to be effective on September 1, 1986.

21. Pursuant to said resignation, THOMAS W. STEED, as President of the Wake County Bar Association, called a meeting of the 10th Judicial District Bar to nominate three (3) candidates for appointment to fill the vacancy, which meeting was held on August 25, 1986. A copy of the notice calling for this meeting is attached hereto as Exhibit A and incorporated herein by reference as if fully set forth verbatim.

22. NARLEY CASHWELL was elected to the office of District Court Judge as the nominee of the Democratic party. At the meeting of the 10th District Bar, only nominations of Democratic candidates were sought or received. Pursuant to the provisions of N.C. Gen. Stat. § 7A-142, other resident attorneys affiliated with other political parties or not affiliated or registered to vote would not be eligible for nomination.

23. Plaintiff, as a licensed attorney registered as a Republican was ineligible by virtue of N.C. Gen. Stat. § 7A-142 to be considered as a candidate for nomination.

. . . .

26. As a direct result of the aforesaid judicial nomination process, plaintiff has been denied his right to be eligible for office as guaranteed by the Constitution of North Carolina.

. . . .

WHEREFORE, plaintiff prays the Court:

1. That the Court grant a temporary restraining order restraining defendants, their agents, assigns and successors, from any further action under N.C. Gen. Stat. § 7A-142 as it pertains to the judicial vacancy alleged herein until such time as the Court may hear plaintiff's application for a preliminary injunction;

Further, plaintiff swears in his affidavit:

I was a candidate for and interested in the District Court vacancy created as a result of the resignation of the Honorable Narly [sic] Cashwell. However, in accordance with North Carolina General Statute 7A-142 and the following language contained in the notice from the Tenth District Bar, I was precluded from the selection process.

Summary judgment for defendants was entered on 17 September 1986.

Plaintiff seeks to have the requirement of N.C.G.S. § 7A-142 that the persons nominated by the Bar to fill a vacancy for district court judge be "members of the same political party as the vacating judge" declared unconstitutional only for the purpose of permitting him to be included in the selection process for a candidate to succeed to the seat vacated by Judge Narley Cashwell, and for no other reason.

When plaintiff filed his complaint on 29 August 1986, the Bar meeting that he seeks to participate in had been held on 25 August 1986. This Court's determination of this appeal cannot grant plaintiff the relief he seeks. The action was moot when it was filed 29 August 1986 and must be dismissed.

> That a court will not decide a "moot" case is recognized in virtually every American jurisdiction. . . . In state courts the exclusion of moot questions from determination is not based on a lack of jurisdiction but rather represents a form of judicial restraint. . . .
>
> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. . . .
>
> Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action.

*In re Peoples*, 296 N.C. 109, 147-48, 250 S.E. 2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297 (1979) (citations omitted). That this action was brought as a declaratory judgment action does not alter this result. Under the Declaratory Judgment Act, jurisdiction does not extend to questions that are altogether moot. "The statute does not require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to

be used if and when occasion might arise." *Tryon v. Power Co.,* 222 N.C. 200, 204, 22 S.E. 2d 450, 453 (1942).

This decision is in accord with the decisions of the Supreme Court of the United States. *See, e.g., Murphy v. Hunt,* 455 U.S. 478, 71 L.Ed. 2d 353 (1982) (prisoner's action challenging pretrial bail provisions of state constitution held moot where plaintiff already convicted of crime); *Weinstein v. Bradford,* 423 U.S. 147, 46 L.Ed. 2d 350 (1975) (prisoner's action for procedural parole rights held moot when plaintiff had been released from parole system); *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 21 L.Ed. 2d 474 (1969) (court does not sit to decide abstract, hypothetical, or contingent questions). Plaintiff's action is moot and this appeal is hereby dismissed.

The judgment of the Superior Court of Wake County is vacated, and this action is remanded to that court for the entry of an order dismissing this action as moot.

Appeal dismissed; vacated and remanded.