DONNA WORNSTAFF, Plaintiff-Appellee v. DON RAY WORNSTAFF, Defendant-Appellant

No. COA05-1657

(Filed 19 September 2006)

**1. Domestic Violence— protective order—evidence sufficient—presence of fear—subjective rather than objective test**

    Although differing reasonable inferences could be drawn, there was sufficient evidence to support the trial court's finding that defendant committed an act of domestic violence against his wife. The plain language of the statute requires the trial court to apply only a subjective test and to determine if the aggrieved party was in actual fear; no inquiry is made as to whether such fear was objectively reasonable.

**2. Domestic Violence— protective order—fear of continued harassment—emotional distress**

    There was sufficient evidence to support the finding that defendant placed his wife in fear of continued harassment that rose to such a level as to inflict substantial emotional distress, and the entry of a domestic violence protective order was affirmed.

Judge TYSON dissenting.

Appeal by Defendant from order entered 11 August 2005 by Judge Amber Davis in District Court, Dare County. Heard in the Court of Appeals 22 August 2006.

*Stephanie B. Irvine, for Plaintiff-Appellee.*

*James R. Willis III, for Defendant-Appellant.*

WYNN, Judge.

Defendant Don Ray Wornstaff appeals from a trial court's entry of a protective order against him for alleged acts of domestic violence against Plaintiff Donna Wornstaff. Because there is competent evidence in the record to support the trial court's finding that Ms. Wornstaff was in fear of continued harassment under section 50B-1(a)(2) of the North Carolina General Statutes, we affirm the trial court's order.

The facts pertinent to this appeal indicate that the parties married in 1988; had one child born in 1992; owned a business, jointly; and separated in May 2005.

According to Mr. Wornstaff, on 31 July 2005, upon discovering that his telephone and power lines were cut off at his home, he decided to go to the couple's jointly-owned business because he wanted to make sure that nothing had happened to it. He called the police, asking that an officer accompany him to the business because "things were awry at his house." Once there, Mr. Wornstaff met the officer and retrieved the key from the manager on duty because the business was closed.

About an hour later, Ms. Wornstaff arrived. An argument ensued, during which Mr. Wornstaff asked Ms. Wornstaff, "Would you like to hurt me? Would you like to kill me and hit me? Would that make you feel better?" According to Ms. Wornstaff, Mr. Wornstaff picked up a stapler, banged it on the counter and in his hand, and threw a water bottle in her direction. Ms. Wornstaff asked the officer to remove Mr. Wornstaff, but he refused since Mr. Wornstaff was a joint owner in the business. Ms. Wornstaff left the business, returned the next morning, and noticed that Mr. Wornstaff was still present. Thereafter, she filed a complaint seeking a domestic violence protective order against Mr. Wornstaff.

At the hearing on her complaint and motion for a domestic violence protective order, Ms. Wornstaff further stated that during her

encounter with Mr. Wornstaff at their business on 31 July, Mr. Wornstaff pushed her out of his way, that she was scared, that she thought Mr. Wornstaff was "out of control," and that he could have eventually hit her with something. Ms. Wornstaff also testified that she and Mr. Wornstaff had prior confrontations that included yelling.

The trial court found that Mr. Wornstaff had committed domestic violence against Ms. Wornstaff and entered a domestic violence protective order against him for one year. Mr. Wornstaff appeals to this Court, arguing that (I) the trial court's findings of fact are not supported by competent evidence; and (II) the findings of fact do not support the trial court's conclusion of law.[1]

I.

**[1]** Mr. Wornstaff first contends that there was insufficient evidence to support the trial court's finding that he committed an act of domestic violence against Ms. Wornstaff. He argues that his actions were not shown to rise to the necessary level of continued harassment as defined in section 14-277.3 of the North Carolina General Statutes. We disagree.

Section 50B-1(a)(2) of the North Carolina General Statutes defines domestic violence as "[p]lacing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3, that rises to such a level as to inflict substantial emotional distress." N.C. Gen. Stat. § 50B-1 (a)(2) (2005). Harassment is defined as "knowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." N.C. Gen. Stat. § 14-277.3 (2005). The plain language of the statute requires the trial court to apply only a subjective test to deter-

---

1. As a side matter to this appeal, we note that the domestic violence protective order in this case expired on 11 August 2006. Generally, when an issue is no longer in controversy, the appeal is dismissed as moot. *See Smith v. Smith*, 145 N.C. App. 434, 436, 549 S.E.2d 912, 914 (2001) ("[A]n appeal should be dismissed as moot when . . . the underlying controversy . . . cease[s] to exist."); *Pearson v. Martin*, 319 N.C. 449, 451, 355 S.E.2d 496, 497 (1987) (when "the relief sought has been granted or . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law[.]" (citation omitted)). However, this Court has held that a defendant's appeal of an expired domestic violence protective order is not moot because of the "stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse" and "the continued legal significance of an appeal of an expired domestic violence protective order." *Smith*, 145 N.C. App. at 437, 549 S.E.2d at 914 (internal quotes and citation omitted). Thus, we address the merits of Mr. Wornstaff's appeal. *See id.*

mine if the aggrieved party was in actual fear; no inquiry is made as to whether such fear was objectively reasonable under the circumstances. *Brandon v. Brandon*, 132 N.C. App. 646, 654-55, 513 S.E.2d 589, 595 (1999).

Here, the trial court found that, by yelling at her, Mr. Wornstaff placed Ms. Wornstaff in fear of continued harassment. Ms. Wornstaff testified that Mr. Wornstaff yelled, "Would you like to hurt me? Would you like to kill and hit me? Would that make you feel better?", and that he banged the stapler on the counter, threw a water bottle in her direction, and refused to leave the jointly-owned business during the late night hours. Ms. Wornstaff further testified that she is afraid of Mr. Wornstaff, and she thinks that he is "out of control." Upon this evidence, the trial court entered the finding of fact that Ms. Wornstaff was placed in fear of continued harassment that rose to such a level as to inflict substantial emotional distress.

Where the trial judge sits as the finder of fact, "and where different reasonable inferences can be drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial judge." *Sharp v. Sharp*, 116 N.C. App. 513, 530, 449 S.E.2d 39, 48 (citation omitted), *disc. review denied*, 338 N.C. 669, 453 S.E.2d 181 (1994). "The trial judge has the authority to believe all, any, or none of the testimony." *Id.* As in previous cases, "[w]e emphasize that the trial court was present to see and hear the inflections, tone, and temperament of the witnesses, and that we are forced to review a cold record." *Brandon*, 132 N.C. App. at 652, 513 S.E.2d at 594.

In this case, while different reasonable inferences could be drawn from the evidence presented, we must defer to the trial judge's determination of which reasonable inferences should have been drawn. Based on our review of the evidence, we conclude that there was competent evidence to support the trial judge's finding that Mr. Wornstaff placed Ms. Wornstaff in actual fear of continued harassment that rose to such a level as to inflict substantial emotional distress.

## II.

**[2]** We next determine whether the trial court's findings of fact support its conclusion of law that Mr. Wornstaff "ha[d] committed acts of domestic violence against [Ms. Wornstaff]." *Id.*, 513 S.E.2d at 594.

Domestic violence is statutorily defined as "[p]lacing the aggrieved party or a member of the aggrieved party's family or house-

hold in fear of imminent serious bodily injury or continued harass-
ment . . . that rises to such a level as to inflict substantial emotional
distress." N.C. Gen. Stat. § 50B-1 (a)(2). Previously, this Court has
held that, where the trial court finds that a plaintiff is actually sub-
jectively in fear of serious bodily injury, an act of domestic violence
has occurred pursuant to North Carolina General Statutes § 50B-1
(a)(2). *Brandon*, 132 N.C. App. at 654-55, 514 S.E.2d at 595. Since that
case, our legislature has amended the statute to also include the fear
of "continued harassment . . . that rises to such a level as to inflict
substantial emotional distress." Thus, if the trial court enters such a
finding of actual fear of continued harassment, an act of domestic
violence has occurred.

As we have already determined that competent evidence was
presented to support the trial court's finding that Mr. Wornstaff
"placed [Ms. Wornstaff] . . . in fear of . . . continued harassment that
[rose] to such a level as to inflict substantial emotional distress[,]"
we also conclude that this finding of fact is sufficient to support
the trial court's conclusion of law, that Mr. Wornstaff had committed
an act of domestic violence against Ms. Wornstaff. Because the trial
court's findings of fact support its conclusion of law, we affirm
the trial court's entry of a domestic violence protective order against
Mr. Wornstaff.

Affirmed.

Judge HUDSON concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

The majority's opinion affirms the domestic violence protective
order entered against defendant. This holding ignores the trial court's
failure to enter required findings of fact to support its conclusion of
law. I vote to reverse the trial court's order and respectfully dissent.

I.  Standard of Review

"Where the trial court sits as the finder of fact, 'and where differ-
ent reasonable inferences can be drawn from the evidence, the deter-
mination of which reasonable inferences shall be drawn is for the

trial [court].'" *Brandon v. Brandon*, 132 N.C. App. 646, 651, 513 S.E.2d 589, 593 (1999) (quoting *Repair Co. v. Morris & Associates*, 2 N.C. App. 72, 75, 162 S.E.2d 611, 613 (1968)). "The trial [court]'s findings 'turn in large part on the credibility of the witnesses, [and] must be given great deference by this Court.'" *Id.* at 652, 513 S.E.2d at 593 (quoting *State v. Sessoms*, 119 N.C. App. 1, 6, 458 S.E.2d 200, 203 (1995), *aff'd per curiam*, 342 N.C. 892, 467 S.E.2d 243, *cert. denied*, 519 U.S. 873, 136 L. Ed. 2d 129 (1996)). "[W]here the trial court's findings of fact are supported by competent evidence, they are binding on appeal." *Id.* (citing *Harris v. Harris*, 51 N.C. App. 103, 105, 275 S.E.2d 273, 275, *cert. denied*, 303 N.C. 180, 280 S.E.2d 452 (1981)). The trial court's "conclusions of law are reviewable *de novo* on appeal." *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 336, 477 S.E.2d 211, 215 (1996).

If the findings of fact do not support the trial court's conclusions of law, the order must be reversed. *Woodring v. Woodring*, 164 N.C. App. 588, 593, 596 S.E.2d 370, 374 (2004); *see Brandon*, 132 N.C. App. at 654, 513 S.E.2d at 594 (reversing domestic violence protective order because the trial court's findings of fact failed to support its conclusions of law).

## II. Domestic Violence Protective Order

Defendant contends insufficient evidence shows his conduct constituted continued harassment to inflict substantial emotional distress on plaintiff. I agree.

"A trial court may grant a protective order 'to bring about the cessation of acts of domestic violence.'" *Smith v. Smith*, 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001) (quoting N.C. Gen. Stat. § 50B-3(a)). Domestic violence is defined as:

(a) . . . the commission of one or more of the following acts upon an aggrieved party . . . :

(1) Attempting to cause bodily injury, or intentionally causing bodily injury; or

(2) Placing the aggrieved party or a member of the aggrieved party's family or household in *fear of imminent serious bodily injury or continued harassment*, as defined in G.S. 14-277.3, *that rises to such a level as to inflict substantial emotional distress*; or

(3) Committing any act defined in G.S. 14-27.2 through G.S. 14-27.7.

N.C. Gen. Stat. § 50B-1(a)(1)-(3) (2005) (emphasis supplied).

Under N.C. Gen. Stat. § 14-277.3(c) (2005), "harassment" is defined as "knowing conduct . . . directed at a specific person that torments, terrorizes, or terrifies that person and that serves no legitimate purpose." "Torment" is defined as, "[t]o annoy, pester, or harass." American Heritage College Dictionary 1428 (3rd ed. 1997). "Terrorize" is defined as, "[t]o fill or overpower with terror; terrify." American Heritage College Dictionary 1401 (3rd ed. 1997). "Terrify" is defined as, "[t]o fill with terror; make deeply afraid; alarm." American Heritage College Dictionary 1400 (3rd ed. 1997); *see State v. Watson*, 169 N.C. App. 331, 338, 610 S.E.2d 472, 477 (2005) (upheld stalking conviction when the defendant became "very clingy and possessive," called the victim multiple times, and accused the victim of making sexual advances to her); *see also State v. Thompson*, 157 N.C. App. 638, 643, 580 S.E.2d 9, 13 (2003) (the defendant caused the victim substantial emotional distress when the defendant stated he was engaged in "psychological warfare" against the victim and stated that he intended to "buy two guns, and . . . blow away some Emerald Isle police that had been harassing him, [the victim], and burn the pier down.").

Plaintiff instituted the civil action for a domestic violence protective order and bears the burden of proof. *See* N.C. Gen. Stat. § 50B-2(a) (2005) (any person residing in North Carolina may seek relief by filing a civil action alleging acts of domestic violence against himself or herself or a minor child who resides with or is in the custody of such person).

"The test for whether the aggrieved party has been placed 'in fear of imminent serious bodily injury' is subjective; thus the trial court must find as fact the aggrieved party 'actually feared' imminent serious bodily injury." *Smith*, 145 N.C. App. at 437, 549 S.E.2d at 914 (quoting *Brandon*, 132 N.C. App. at 654, 513 S.E.2d at 595 (reversing domestic violence protective order because findings that the defendant's conduct caused the plaintiff to "feel uncomfortable" failed to support a conclusion the defendant placed the plaintiff in fear)). "[W]here the trial court finds that a plaintiff is actually subjectively in fear . . . an act of domestic violence has occurred pursuant to section 50B-1(a)(2)." *Brandon*, 132 N.C. App. at 654-55, 513 S.E.2d at 595 (reversing domestic violence protective order because trial court

WORNSTAFF v. WORNSTAFF

[179 N.C. App. 516 (2006)]

failed to enter findings regarding the plaintiff's subjective fear of imminent serious bodily injury).

The trial court entered findings that on 31 July 2005, defendant "placed [plaintiff] in fear of continued harassment that rises to such a level as to inflict substantial emotional distress by yelling at plaintiff at the [T]rading [P]ost, banging the stapler on the counter, throwing a water bottle in her direction and refusing to leave during the late night hours." The trial court failed to enter any findings of fact regarding plaintiff's "fear of continued harassment" and her "substantial emotional distress."

The trial court's order findings of fact only address defendant's conduct on solely one occasion. The trial court's failure to find plaintiff actually feared defendant would continuously harass or inflict substantial emotional distress on her does not support the trial court's conclusion of law that defendant committed acts of domestic violence against plaintiff.

Undisputed evidence shows: (1) defendant's conduct was not continuous because it occurred only on 31 July 2005; (2) defendant's conduct occurred at defendant and plaintiff's jointly-owned business where defendant had a right to be and after plaintiff came to the business; (3) defendant's conduct occurred in the presence of a law enforcement officer; (4) defendant did not threaten plaintiff when he asked her, "would you like to hurt me? Would you like to kill me and hit me? Would that make you feel better?;" (5) defendant banged a stapler on the desk because a staple was jammed; (6) defendant threw a half-empty water bottle in the direction of a trash can and plaintiff; and (7) plaintiff attempted to block defendant's exit from the jointly owned business. Plaintiff failed to present any evidence she actually feared continued harassment by defendant or that she suffered substantial emotional distress.

The trial court's order contains no findings regarding plaintiff's actual fear of continued harassment by defendant or that he inflicted substantial emotional distress. In the absence of these findings of fact, the trial court's conclusion of law that defendant committed acts of domestic violence as defined by the statute against plaintiff is unsupported.

### III.  Conclusion

The record fails to contain competent evidence, and the trial court failed to enter any findings of fact to show plaintiff actually

feared continued harassment or that she suffered substantial emotional distress as defined in the statute. The trial court's conclusion of law that defendant committed acts of domestic violence is not supported by the evidence plaintiff presented or by the findings of fact contained in its order. I vote to reverse the domestic violence protective order and respectfully dissent.