McGEE, Chief Judge.
Fabien Anthony Dass ("Defendant") appeals from a domestic violence protection order ("DVPO") finding that Defendant intentionally caused bodily injury to his former wife, Souad Dass ("Plaintiff"), and restricting contact between Plaintiff and Defendant for one year. For the reasons discussed below, we affirm.
I. Factual and Procedural History
Plaintiff and Defendant (collectively, "the parties") were previously married, separated in 2015, and divorced in July 2016. They have two minor children ("the children"), born during the parties' marriage. The parties have a tumultuous relationship history, including ongoing disputes over child custody, alleged harassment, and alleged family violence.
Plaintiff informed Defendant in September 2016 that she was engaged to marry another man. Plaintiff met Defendant at a public boardwalk ("the boardwalk") on 15 or 16 October 2016 in order to visit the parties' children, who were in Defendant's care at that time. According to Plaintiff, Defendant immediately began "looking at [her] stomach," implied that Plaintiff was pregnant, and "punched [her in the stomach] with his fist[.]" Plaintiff continued walking on the boardwalk with Defendant and the children toward a nearby playground. Plaintiff testified that, as they reached the playground, Defendant "was yelling at [her] and telling [her to] leave [them] alone ... [and saying that] [t]he [children didn't] want to stay with [her] and [her new] husband." Plaintiff "felt embarrassed [by] the way [Defendant] was acting in public and [she] [ ] left." Defendant testified he never threatened, punched, or hit Plaintiff, and that Plaintiff left without the children because "the [children] said they didn't want to go [with her]."
Plaintiff filed a complaint and motion for domestic violence protective order on 27 October 2016, alleging Defendant intentionally caused her bodily injury by punching her in the stomach during the boardwalk incident. Plaintiff requested an ex parte order prohibiting Defendant from contacting her or committing any further acts of domestic violence. The trial court entered an ex parte DVPO on 28 October 2016. The court entered orders continuing a domestic violence hearing, as well as the ex parte order, on 7 and 18 November 2016, 2 December 2016, and 3 January 2017. Following a hearing, the trial court entered a DVPO on 3 February 2017 finding that Defendant intentionally caused bodily injury to Plaintiff by punching her in the stomach and concluding Defendant "ha [d] committed acts of domestic violence against [ ] [P]laintiff." The court ordered that Defendant have no contact with Plaintiff, "[e]xcept with respect to the children[,]" and not commit any further acts of domestic violence, effective through 3 February 2018. Defendant appeals.
II. Trial Court Order
Defendant contends the trial court's sole finding of fact-that he punched Plaintiff in the stomach-was not supported by competent evidence, and that its conclusion of law-that Defendant committed an act of domestic violence-was therefore improper. Defendant's argument is without merit.
A. Standard of Review
"[T]he standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts" when the trial court sits without a jury. See Tyll v. Willets , 229 N.C. App. 155, 158, 748 S.E.2d 329, 331 (2013) (citation omitted). Findings of fact supported by competent evidence "are conclusive on appeal[,] ... even though there may be evidence to support contrary findings ." Bridges v. Bridges , 85 N.C. App. 524, 526, 355 S.E.2d 230, 231 (1987) (citation omitted) (emphasis added). "Competent evidence is evidence that a reasonable mind might accept as adequate to support [a] finding." Forehand v. Forehand , 238 N.C. App. 270, 273, 767 S.E.2d 125, 128 (2014) (citation and quotation marks omitted). This Court has observed that
the trial judge is present for the full sensual effect of the spoken word, with the nuances of meaning revealed in pitch, mimicry and gestures, appearances and postures, shrillness and stridency, calmness and composure, all of which add to or detract from the force of spoken words. The trial court's findings turn in large part on the credibility of the witnesses, [and] must be given great deference by this Court.
Brandon v. Brandon , 132 N.C. App. 646, 651-52, 513 S.E.2d 589, 593 (1999) (citation and internal quotation marks omitted) (alteration in original).
B. Analysis
N.C. Gen. Stat. § 50B-1(a)(1) (2017) defines "domestic violence" as, inter alia , "[a]ttempting to cause bodily injury, or intentionally causing bodily injury[.]" In this case, the trial court found Defendant intentionally caused bodily injury to Plaintiff by punching Plaintiff in the stomach. See N.C. Gen. Stat. § 50B-3(a) (2017) ("If the court ... finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." (emphasis added) ); Morningstar Marinas/Eaton Ferry, LLC v. Warren Cty. , 368 N.C. 360, 365, 777 S.E.2d 733, 737 (2015) ("It is well established that the word 'shall' is generally imperative or mandatory when used in our statutes." (citation, quotation marks, and internal quotation marks omitted) ). Defendant contends this finding was not supported by competent evidence because "[t]he only source of any evidence indicating that Defendant[ ] punched Plaintiff[ ] in the stomach was Plaintiff[ ] herself." Defendant notes that two eyewitnesses testified they did not see Defendant punch Plaintiff during the parties' October 2016 interaction on the boardwalk and that Defendant appeared "calm." Defendant also points to evidence that Plaintiff continued having contact with Defendant after the boardwalk incident, and waited more than a week before seeking a protective order against him. According to Defendant, Plaintiff's "self-serving testimony that Defendant[ ] punched her in the stomach" was not competent evidence in light of Defendant's denial and the eyewitnesses' testimony.
Defendant essentially "argues that the trial court's findings were not based upon his evidence or his interpretation of the evidence," and
his arguments [must] fail, as this Court cannot substitute its judgment for that of the trial court in weighing the evidence. When the trial judge is authorized to find the facts, his findings, if supported by competent evidence, will not be disturbed on appeal despite the existence of evidence which would sustain contrary findings .
Kelly v. Kelly , 228 N.C. App. 600, 605, 747 S.E.2d 268, 275 (2013) (citation and internal quotation marks omitted) (emphases added). Plaintiff's testimony alone, that Defendant punched her in the stomach, was sufficient to support a finding that Defendant punched Plaintiff in the stomach. See , e.g. , Jarrett v. Jarrett , --- N.C. App. ----, ----, 790 S.E.2d 883, 890 (2016) (holding plaintiff's testimony was competent evidence to support trial court's finding that plaintiff was "placed in fear of continued harassment ... [arising to] substantial emotional distress."); Forehand , 238 N.C. App. at 273, 767 S.E.2d at 128 (holding "there was competent evidence to support [ ] trial court's finding that plaintiff was in subjective fear of defendant[,]" where plaintiff "specifically claimed that she was 'fearful of being put in the same room with [defendant] without a DVPO in place.' ").
In the present case, the trial court's finding of fact was taken verbatim from Plaintiff's testimony. Compare with Burress v. Burress , 195 N.C. App. 447, 451, 672 S.E.2d 732, 734-35 (2009) (concluding plaintiff's testimony was insufficient to support trial court's finding that there had been previous domestic violence between the parties and that defendant was the perpetrator of such violence, where "[p]laintiff did not testify that defendant was the perpetrator of any previous domestic violence, nor did she provide a description of the circumstances of any previous domestic violence to support the court's finding."). Moreover, "[t]he trial judge ha[d] the authority to believe all, any, or none of the [witness] testimony." Wornstaff v. Wornstaff , 179 N.C. App. 516, 519, 634 S.E.2d 567, 569 (2006) (citation and quotation marks omitted).
In Brandon , this Court concluded the plaintiff's testimony that the defendant stated he would shoot her if she entered his property was competent evidence to support a finding that the defendant threatened her with serious bodily injury. See Brandon , 132 N.C. App. at 652, 513 S.E.2d at 593-94. We emphasized that, notwithstanding the defendant's testimony that he did not intend to harm the plaintiff, "the trial court was present to see and hear the inflections, tone, and temperament of the witnesses, [ ] [while] we are forced to review a cold record." Id. at 652, 513 S.E.2d at 594. In this case, as in Brandon , "[w]e cannot say that the inferences drawn by the trial court from the evidence were unreasonable; therefore[,] we are bound by ... the trial court's finding." Id. In turn, the trial court's finding of fact that Defendant punched Plaintiff in the stomach supported a conclusion that Defendant committed an act of domestic violence under N.C.G.S. § 50B-1(a)(1).
Defendant also observes that, although Plaintiff cited 16 October 2016 as the date of the boardwalk incident in her complaint and her testimony, the trial court's order found Defendant intentionally caused bodily harm to Plaintiff on 15 October 2016. Defendant submits that "[n]o evidence ... was presented by any party or witness indicating that any act of domestic violence occurred on 15 October 2016[,]" and thus no evidence supports a finding that Defendant punched Plaintiff in the stomach on 15 October 2016. This argument is directly contradicted by Defendant's own testimony at the hearing. When asked to "describe what happened on October 16th[,]" Defendant stated: "It was actually the 15th[.]" The trial court was thus free to determine that the boardwalk incident occurred on 15 October 2016. See , e.g. , In re D.L.W. , 368 N.C. 835, 843, 788 S.E.2d 162, 167-68 (2016) ("Although there was conflicting testimony regarding the details of [certain] encounters, the trial judge had the responsibility to pass[ ] upon the credibility of the witnesses and the weight to be given their testimony and the reasonable inferences to be drawn therefrom." (citation and internal quotation marks omitted) (second alteration in original) ).
III. Conclusion
The trial court's sole finding of fact, that Defendant intentionally caused bodily injury to Plaintiff by punching her in the stomach, was supported by Plaintiff's testimony. The trial court did not err by concluding Defendant committed an act of domestic violence as defined in N.C.G.S. § 50B-1(a)(1). Accordingly, we affirm the trial court's order.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and MURPHY concur.